JUDGE GARDEPHE

11 CIV 4718

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT** |

Sergeant Jorge Rodriguez, by his attorneys, makes the following allegations pursuant to the investigations of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge:

## INTRODUCTION

1. While Sergeant Rodriguez was serving his country on active military duty in support of Operation Iraqi Freedom, CitiMortgage, Inc. foreclosed on his mortgage, seized his property, and sold it.

2. During the foreclosure proceedings, CitiMortgage's lawyers filed an affidavit stating that Sergeant Rodriguez was "not on active duty with any branch of the Armed Forces of the United States or w[as] not protected by the Servicemembers Civil Relief Act." Those statements were false. Sergeant Rodriguez was on active duty. He was protected by the Servicemembers Civil Relief Act. And CitiMortgage's foreclosure, seizure, and sale of his property violated that law.

3. On or about January 29, 2003, prior to commencing a period military service within the meaning of the Servicemembers Civil Relief Act, Sergeant Rodriguez purchased a

home at 5508 Man O'War Stretch Drive, Del Valle, Texas 78617. The purchase was financed by a $124,460.00 purchase money mortgage (the "Mortgage") originated by KB Home Mortgage, Co. and later assigned to CitiMortgage.

4. Sergeant Rodriguez was ordered to active duty in support of Operation Iraqi Freedom on January 6, 2006. His period of active military service began February 1, 2006. On February 4, 2006, he was ordered to Fort Hood for mission training in desert and urban warfare tactics, including how to respond to I.E.D. attacks, how to handle enemy ambushes, and how to clear buildings of enemy combatants. During training, Sergeant Rodriguez could not leave the base and had no communication with the outside world. He describes the training environment as being "on lock down."

5. While Sergeant Rodriguez was on lock down training at Fort Hood, CitiMortgage initiated foreclosure proceedings against his property and sold it at a foreclosure sale on May 2, 2006. The foreclosure sale was not conducted pursuant to a court order and was not approved by a court. That same day, CitiMortgage's lawyers filed an affidavit in the real property records of Travis County, Texas, stating that Sergeant Rodriguez was "not on active duty with any branch of the Armed Forces of the United States or w[as] not protected by the Servicemembers Civil Relief Act." Those statements were false.

6. Sergeant Rodriguez's house and property were sold at foreclosure for $137,891.28, which exceeded the amount of the original mortgage by $13,431.28. Sergeant Rodriguez received no money from the proceeds of the sale.

7. On September 9, 2006, after completing his training, Sergeant Rodriguez was deployed to Iraq. During his active duty in Iraq, Sergeant Rodriguez served in a designated imminent danger pay area, and he earned the following accolades: a deployment ribbon, army

service ribbon, overseas service ribbon (for honorably completing a full tour of duty overseas), and armed forces reserve medal w/ M device. Sergeant Rodriguez completed his active duty in Iraq on August 7, 2007.

8.  Due to his service to his country, Sergeant Rodriguez was unable to meet the scheduled payments on his mortgage. When he returned to the United States he learned that CitiMortgage had foreclosed on his house and property.

9.  This was not an isolated incident. From December 19, 2003 to date (the "Class Period"), CitiMortgage initiated thousands of foreclosure proceedings across the United States without adequate safeguards to ensure that servicemembers on active duty were not targeted by CitiMortgage's foreclosures.

10. Sergeant Rodriguez brings this suit as a class action on behalf of himself and all similarly situated members of the United States Armed Forces who: (i) obtained a mortgage prior to their military service; and (ii) had their property foreclosed, seized, or sold by CitiMortgage, during the servicemember's period of military service within the meaning of the Servicemembers Civil Relief Act, or within the applicable grace period thereafter.

## PARTIES

11. Plaintiff Jorge Rodriguez is an E-7/Sergeant First Class in the Texas Army National Guard and a citizen and resident of the State of Texas. During the foreclosure proceedings at issue in this complaint, Sergeant Rodriguez was engaged in a period of military service in the Texas Army National Guard or was otherwise entitled to the protections of the Servicemembers Civil Relief Act, 50 App. U.S.C.A. §§ 501 *et seq.* ("SCRA").

12. Defendant CitiMortgage is a New York corporation and that at all times relevant to this action was a residential mortgage lender and servicer headquartered at 1000 Technology

Drive, O'Fallon, Missouri 63368.

## JURISDICTION AND VENUE

13. The claims asserted herein arise under the Servicemembers Civil Relief Act, 50 App. U.S.C.A. §§ 501, *et. seq.*

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over CitiMortgage because it is a New York corporation that is registered with the New York Secretary of State to conduct business within New York. In addition, CitiMortgage conducts substantial business in this District.

16. Venue for this action properly lies in the Southern District of New York because Defendant resides in this judicial district pursuant to 28 U.S.C. §1391(b).

## THE SERVICEMEMBERS CIVIL RELIEF ACT

17. Serving in the Armed Forces of the United States often compromises the ability of servicemembers to fulfill their financial obligations and to assert their legal rights. Recognizing the hardships faced by servicemembers serving on active duty, Congress has long recognized the need for legislation to protect servicemembers.

18. Congress has long recognized the need for legislation to protect servicemembers while serving on active duty. Congress initially passed legislation on the eve of World War II titled the Soldiers' and Sailors' Civil Relief Act of 1940 ("SSCRA") to provide judicial protections and relief to servicemembers who sacrificed their personal affairs to answer their country's call to duty.

19. The SSCRA was updated from time to time to reflect new developments in American life. Recently, on December 19, 2003, President George W. Bush signed into law the Servicemembers Civil Relief Act ("SCRA") to ease the economic and legal burdens on military

personnel called to active duty.

20.  The SCRA extends protections to members of the uniformed services on active duty ("Covered Servicemembers"). 50 App. U.S.C.A. § 511. The purpose of the Act is "to provide for, strengthen, and expedite the national defense through protection extended by this Act … to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation[.]" 50 App. U.S.C.A. § 502(1).

21.  The SCRA accomplishes this goal by providing for the "temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C.A. § 502(2).

22.  The protections of the SCRA extend to, *inter alia*, members of the Army, Navy, Air Force, Marine Corps and Coast Guard while on active duty. The SCRA also protects members of the National Guard who are called to active service authorized by the President of the United States or Secretary of Defense for more than 30 consecutive days for purposes of responding to a national emergency (collectively, "Covered Servicemembers"). 50 App. U.S.C.A. § 511.

23.  Among the protections afforded Covered Servicemembers, the SCRA limits a lender's ability to foreclose upon a Covered Servicemember's property. 50 App. U.S.C.A. § 533(c).

24.  Specifically, lenders may not foreclose on a Covered Servicemember's mortgage while he or she is on active duty, or within a specified grace period thereafter,[1] without court approval. Any such prohibited foreclosure, sale or seizure of property is invalid under the SCRA.

## CLASS ALLEGATIONS

25.  Sergeant Rodriguez brings this action as a class action pursuant to Fed. R. Civ. P. 23 (a), (b)(1), (b)(2), and (b)(3) on behalf of all members of the United States Armed Forces

---

[1] From December 19, 2003 through July 29, 2008, the specified grace period was 90 days. From July 30, 2008 to date, the specified grace period was 9 months.

whose property was foreclosed, seized, or sold by CitiMortgage based on a mortgage loan that originated before the period of the servicemember's military service: (i) where such foreclosure, seizure or sale occurred on or after December 19, 2003 and on or before July 29, 2008, and during or within 90 days after the servicemember's period of active military service, without court approval and without a written waiver of the rights and protections provided by the SCRA, or (ii) where such foreclosure, seizure or sale occurred on or after July 30, 2008, and during or within 9 months after the servicemember's period of active military service, without court approval and without a written waiver of the rights and protections provided by the SCRA (the "Class").

26. The members of the Class are so numerous and dispersed that joinder of all members is impracticable.

27. Members of the Class may be identified from the records maintained by CitiMortgage and by the United States Armed Forces.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. These questions of law and fact common to the Class include, but are not limited to whether CitiMortgage engaged in a foreclosure and sale activity in violation of § 533(c) of the SCRA.

29. Sergeant Rodriguez's claims are typical of the claims of the members of the Class because CitiMortgage foreclosed, seized and sold his property while he was on active military duty.

30. Sergeant Rodriguez will fairly and adequately protect the interests of the members of the Class as his claims are not antagonistic to the claims of the Class and there are no conflicts between his claims and the claims of the Class members.

31. Sergeant Rodriguez's counsel will adequately protect the interests of the Class. Such counsel is experienced with consumer/class litigation and has routinely been approved to serve as class counsel in federal courts throughout the country.

32. The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

33. Furthermore, even if any member of the Class could afford individual litigation against CitiMortgage, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

## COUNT 1

### Violation of 50 App. U.S.C. A. § 533(c)
### Unlawful Foreclosure of Servicemembers' Property

34. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

35. 50 App. U.S.C.A. § 533(c) provides:

> A sale, foreclosure, or seizure of property for a breach of an obligation described in subsection (a) shall not be valid if made during, or within 9 months after, the period of the servicemember's military service except -
>
> (1) upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court; or
>
> (2) if made pursuant to [a written waiver of the rights and protections provided by the SCRA].

36. CitiMortgage foreclosed upon Sergeant Rodriguez's property, and on the property of other Class members, during their period of active military service or within the applicable grace period thereafter.

37. CitiMortgage made those foreclosures without obtaining either a court order or a written waiver agreement.

38. CitiMortgage's sales, foreclosures, and seizures of Sergeant Rodriguez's and Class members properties violated § 533(c) of the SCRA, and were invalid under that statute.

39. Sergeant Rodriguez seeks a judicial declaration that the sale, foreclosure and seizure of his property was invalid, and that he is entitled to possession of his property. He seeks the same relief on behalf of Class members who are similarly entitled to possession of their property that was illegally sold, foreclosed, or seized by CitiMortgage.

40. Additionally, as a direct and proximate result of CitiMortgage's actions, Sergeant Rodriguez and Class members have been materially damaged and are entitled to an award of actual damages, restitution, punitive damages, costs and attorneys' fees, and such other such further relief as this Court deems necessary, just or proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief and judgment as follows:

A. Determining that this action is a proper class action, and certifying Sergeant Rodriguez as Class Representative and his counsel as Class Counsel under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding declaratory relief that Sergeant Rodriguez and Class members are entitled to possession of property that was sold, foreclosed or seized by CitiMortgage in violation of the SCRA;

C. Awarding compensatory, consequential, and punitive damages in favor of Sergeant Rodriguez and Class members in an amount to be proven at trial;

D. Awarding Sergeant Rodriguez and Class members their costs of this suit, including reasonable attorneys' fees, accountants' fees and experts' fees under 50 App. U.S.C.A. § 597a(b); and

E. Awarding such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: July 8, 2011.   Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Scott A. Bursor_
Scott A. Bursor

Scott A. Bursor (SB1141)
Joseph I. Marchese (JM1976)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Tel: 212-989-9113
Fax: 212-989-9163
E-Mail: scott@bursor.com
          jmarchese@bursor.com

**CARLSON LYNCH LTD**
Gary Lynch
Stephanie K. Goldin
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Tel: 724-656-1555
Fax: 724-656-1556
E-Mail: glynch@carlsonlynch.com
          sgoldin@carlsonlynch.com

**FARUQI & FARUQI, LLP**
Gerald D. Wells III
Robert J. Gray
101 Greenwood Avenue
Suite 600
Jenkintown, PA 19046
Tel: 215-277-5770
Fax: 215-277-5771
E-Mail: jwells@faruqilaw.com
          rgray@faruqilaw.com