USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE RODRIGUEZ,

                Plaintiff,

- against -

CITIMORTGAGE, INC.,

                Defendant.

**ECF CASE**

**ORDER**

11 Civ. 4718 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiff Jorge Rodriguez moves this Court for an order appointing Scott A. Bursor of Bursor & Fisher, P.A., Gary Lynch of Carlson Lynch Ltd., and Gerald D. Wells III of Faruqi & Faruqi, LLP, as interim class counsel. For the reasons stated below, Plaintiff's motion will be GRANTED.

## BACKGROUND

        On July 8, 2011 Plaintiff Jorge Rodriguez filed this action on behalf of himself and all others similarly situated against Defendant CitiMortgage. (Dkt. No. 1) The Complaint alleges violations of 50 App. U.S.C. § 533(c) of the Servicemembers Civil Relief Act ("SCRA") on behalf of all members of the United States Armed Forces who obtained a mortgage prior to military service and whose property was foreclosed, seized, or sold by CitiMortgage while they were entitled to the protections of the SCRA. (Cmplt. ¶ 25) Plaintiff alleges that while he was on active military duty, CitiMortgage foreclosed on his mortgage, seized his property, and sold it, in violation of the SCRA. (Id. ¶ 1)

        On August 1, 2011, Plaintiff moved for appointment of interim class counsel. (Dkt. No. 6) No other applicant has made a motion for appointment of interim class counsel, and Defendant does not oppose the motion. (Dkt. No. 11)

## DISCUSSION

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." In selecting interim class counsel, courts look

> to the criteria for determining the adequacy of class counsel set forth in Rule 23(g)(1)(A): (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Anderson v. Fiserv, Inc., No. 09 Civ. 5400(BSJ)(FM), 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010).

"If only one applicant seeks appointment as class counsel, a court must determine whether the applicant is 'adequate' under Rule 23(g)(1) and Rule 23(g)(4), which requires that counsel 'fairly and adequately represent the interests of the class.'" Id. (citing Rule 23(g)(2)).

### I. Work Already Performed on this Case

Attorneys Bursor, Lynch, and Wells represent that they conducted a three-month investigation prior to filing the Complaint. The investigation involved a review of relevant documents from Class members, interviews of Class members, and a review of property records and other documents concerning Defendant's foreclosure practices. (Dkt. No. 8 at 6) The Court finds this work sufficient to satisfy the first criterion of Rule 23(g)(1)(A).

### II. Experience of Proposed Interim Class Counsel

Bursor & Fisher, P.A. has represented plaintiffs and defendants in more than 70 class action lawsuits in state and federal courts throughout the country. Bursor represents that he has been appointed lead or co-lead class counsel in connection with three of the largest classes ever certified. (See Bursor Decl., Exh. A) Carlson Lynch Ltd. represents plaintiffs in consumer

2

and employment-related class actions. The firm has represented clients in more than 100 class actions, including cases involving consumer protection and mortgage lending statutes. (Id., Exh. B) Finally, the Faruqi firm focuses on complex and class action litigation involving antitrust, consumer, financial, corporate governance, and securities matters. Attorney Wells has substantial experience litigating large-scale ERISA cases, including serving as class counsel in a 40,000 person ERISA class action in this district. (Id., Exh. C) This Court finds that proposed interim class counsel have sufficient experience to satisfy the second criterion set forth in Rule 23(g)(1)(A).

### III. Knowledge of the Law

Attorneys Bursor, Lynch, and Wells have significant experience in litigating complex class actions, and therefore this Court finds that they have sufficient knowledge of the procedural and legal issues they will face in litigating this case. In addition, Bursor is a member of the bar of this Court, and as such should be knowledgeable about this Court's rules and procedures. (Id., Exh. A) Finally, Carlson Lynch has been involved in several class actions involving mortgage lending, the substantive area of law at issue here. (Id., Exh. C) Accordingly, this Court finds that Attorneys Bursor, Lynch, and Wells possess the requisite knowledge of the law to serve as interim class counsel.

### IV. Resources

The submissions from proposed interim class counsel indicate that they are members of well-established law firms that have the resources and personnel necessary to carry out large-scale class action litigation. They have already committed resources to this case, and this Court has no reason to doubt that they will provide the necessary resources going forward to litigate this case.

## CONCLUSION

This Court finds that Attorneys Bursor, Lynch, and Wells can "fairly and adequately represent the interests" of the putative class. Accordingly, Plaintiff Rodriguez's motion to appoint interim class counsel is GRANTED. The Clerk of the Court is directed to terminate the motion. (Dkt. No. 6)

Dated: New York, New York
       November 14, 2011

                                        SO ORDERED.

                                        _____
                                        Paul G. Gardephe
                                        United States District Judge