IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>Defendant. | Civil Action No. 11-cv-4718 (PGG) |

## DECLARATION OF JOSEPH I. MARCHESE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Joseph I. Marchese, declare as follows:

1.     I am a partner at Bursor & Fisher, P.A., court-appointed co-lead interim class counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.     I make this declaration in support of Plaintiff's motion for preliminary approval of class action settlement filed herewith.

3.     Attached hereto as Exhibit A is a true and correct copy of the parties' Settlement Agreement and Release.

4.     On November 23, 2011, Plaintiff served his first set of document requests, interrogatories, and a Rule 30(b)(6) deposition notice on Defendant. On December 1, 2011, CitiMortgage served its first set of document requests and interrogatories on Plaintiff.

5.     On December 28, 2012 Plaintiff served subpoenas on the law firm that represented CitiMortgage in the foreclosure action on his home, Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. ("Barrett Burke"), and on the Barrett Burke employee who executed

an affidavit in support of that foreclosure, Latreese Ellis. The parties conducted related motion practice in the United States District Court for the Northern District of Texas in connection with that third-party discovery.

6.     In January and February, 2012, the parties made substantial document productions, including documents concerning Plaintiff's military service, his mortgage loan and foreclosure, and Defendant's Servicemembers Civil Relief Act ("SCRA") compliance policies and procedures.

7.     On February 2, 2012, Plaintiff subpoenaed PricewaterhouseCoopers, LLP ("PWC"), seeking information from PWC's review of Citibank's residential foreclosure actions or proceedings pursuant to Article VII of the April 13, 2011 OCC Consent Order. The subpoena to PWC sparked intense negotiations between the parties and PWC concerning the application of the OCC's bank examination privilege, and the discoverability of information that Defendant and PWC asserted to be protected by that privilege. The parties also briefed a number of discovery disputes, which were the subject of three telephonic hearings with Magistrate Judge Freeman.

8.     During March, April and May, 2012, the parties conducted eight depositions in five states for this matter: Maryland, Missouri, New York, Texas and West Virginia.

9.     On April 27, 2012, Plaintiff served his second set of document requests on Defendant.

10.     The parties also sought and obtained relevant information from governmental sources through Freedom Of Information Act (FOIA) requests. Defendant obtained Sergeant Rodriguez's military records through a FOIA request. And Plaintiff's counsel sought and obtained relevant information through multiple FOIA requests to the Consumer Financial Protection Bureau ("CFPB") and the U.S. Dept. of Housing and Urban Development ("HUD"). Plaintiff's counsel also had extensive correspondence and interaction with military officials at the Defense Manpower Data Center ("DMDC") concerning the capabilities of the DOD's official SCRA website, and proposed improvements thereto.

2

11.     Through discovery, we can reasonably project that all of the requirements for class certification will be met.   Although we cannot yet determine the exact number of Settlement Class members because PWC's review of Defendant's foreclosure files has not yet been completed, we can project that the numerosity requirement will be met based on the volume of foreclosures on Servicemembers' homes during the Class Period by Defendant.   Deposition testimony obtained from CitiMortgage witnesses confirmed that CitiMortgage was involved in "tens of thousands" of foreclosures each year, many of which were VA loans or other loans potentially subject to the protections of the SCRA.

12.     While vigorously litigating this action, the parties have also been engaged in nearly continuous settlement negotiations.  Informal settlement discussions among counsel began shortly after this action was filed and continued through December 2012.

13.     On July 17, 2012, the parties advised the Court that they had made substantial progress towards settlement of this action and were endeavoring to harmonize the DOJ settlement implementation terms with the anticipated settlement of this action, and jointly requested a stay of the litigation to permit the parties to focus their efforts exclusively on settlement negotiations.  On July 19, 2012, the Court granted the parties' request and entered an order staying this action.  *See* Dkt. No. 40.  Thereafter, the parties provided periodic updates to keep the Court apprised of the status of their negotiations.

I declare under the penalty of perjury under the law of the State of New York that the foregoing is true and correct, executed on December 28, 2012 at New York, New York.

Joseph I. Marchese

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ( "Settlement" or "Agreement") is entered into between plaintiff Jorge Rodriguez ("Plaintiff Rodriguez" or "Plaintiff"), on behalf of himself and the Settlement Class (as defined in Section A.26 below), and defendant CitiMortgage, Inc. ("CitiMortgage" or "Defendant"). This Settlement is subject to preliminary and final approval by the court, as required by Rule 23 of the Federal Rules of Civil Procedure. This Agreement is intended by the Settling Parties (as defined in Section A.28 below) to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in Section A.19 below), upon and subject to the terms and conditions hereof.

## RECITALS

The following recitals are material terms of this Agreement. This Agreement is made with reference to and in contemplation of the following facts and circumstances:

WHEREAS, Jorge Rodriguez filed a class action complaint, entitled *Rodriguez v. CitiMortgage, Inc.*, 11 Civ 4718, in the United States District Court for the Southern District of New York (the "Action");

WHEREAS, the Action alleges that CitiMortgage violated the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501, *et seq.* ("SCRA"), in its application of the various foreclosure relief protections afforded to servicemembers by the SCRA in connection with the servicing of loans secured by real property, including but not limited to Sections 533 and 521 of the SCRA.

WHEREAS, plaintiff filed a First Amended Complaint, for the purpose of amending the class definition as set forth below in Sections A.26 and B.1 of this Agreement, contemporaneously with the filing of the motion for preliminary approval, on or about December 28, 2012.

WHEREAS, as set forth in the First Amended Complaint, Plaintiff filed this Action on behalf of all members of the United States Armed Forces whose real property was sold at a completed foreclosure sale by CitiMortgage on or after January 1, 2006 through June 30, 2012 where (i) the mortgage securing the loan on the property originated before the servicemember's military service; (ii) the sale occurred during the servicemember's period of active duty military service or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA.

WHEREAS, Defendant entered into a settlement agreement with the United States of America that fairly affords certain compensation and other relief to certain servicemembers, as defined by the SCRA, including Class Members, whose property was sold at a completed foreclosure sale by Defendant on or after January 1, 2006 and on or before June 30, 2012.

WHEREAS, Defendant denies all claims asserted against it in the Action, denies any and all allegations of wrongdoing and liability and has denied all material allegations of the First Amended Complaint and asserted numerous defenses as to both liability and damages.

1



Defendant nevertheless desires to settle the Action on the terms set forth herein solely for purposes of avoiding the burden and expense of continued litigation.

WHEREAS, the Parties and their respective counsel have conducted an extensive investigation into the facts and law and engaged in extensive, good faith, and arm's-length settlement negotiations and meetings relating to the Action. This Agreement resulted from and is the product of arm's-length negotiations, discovery and analysis by counsel knowledgeable and experienced in class action litigation.

WHEREAS, this Settlement, including any proceedings relating to this Settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of CitiMortgage with respect to any claim of any liability or damage whatsoever, or any infirmity in any defense that CitiMortgage has or may have asserted. CitiMortgage is entering into this Settlement to eliminate the burden, expense, uncertainty and distraction of further litigation with its attendant risks of monetary damages and reputational harm.

WHEREAS, Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Plaintiff and his counsel also have taken into account, among other things, the inherent risks associated with prosecuting complex actions, such as this Action, through trial and appeals. Based on their evaluation, Plaintiff and his counsel believe that the Settlement confers substantial monetary and other benefits upon the Class and is in the best interests of Plaintiff and the Class Members.

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, Plaintiff Rodriguez and CitiMortgage, on behalf of themselves and the purported class and through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following terms and conditions:

## TERMS OF SETTLEMENT

### A.   Definitions

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement and the attached exhibits and shall have the following meanings:

1.      "Action" means and refers to the action filed in the United States District Court for the Southern District of New York entitled *Rodriguez v. CitiMortgage, Inc.*, 11 Civ 4718.

2.      "Class Counsel" means the law firms previously appointed by the Court as interim class counsel on November 14, 2011. Such counsel includes Bursor & Fisher, P.A., including attorney Scott A. Bursor, Carlson Lynch Ltd., including attorney Gary Lynch, and Faruqi & Faruqi, LLP, including attorney Gerald D. Wells, III.

3.      "Class Notice" or "Notice" means the form of notice of the proposed class action settlement, as described in Section E, and that the parties will ask the court to approve in

2



connection with the motion for preliminary approval and as approved by the Court consistent with the terms of this Agreement.

4.    "Class Period" means the period from January 1, 2006 through June 30, 2012.

5.    "Class List" means the document to be created by Defendant and which document shall identify those Servicemembers (as defined in Section A.22 below) comprising the Settlement Class with Eligible Loans (as defined in Section A.12 below). The Class List shall be Confidential and kept and maintained by Defendant and may only be used for purposes of identifying and providing notice and distributing benefits to the members of the Settlement Class and for no other purpose. The Class List shall be created by Defendant upon completion of the review process set forth in Section F of this Agreement for the determination of Eligible Loans.

6.    "Complaint" means and includes any Complaint filed in this Action, including but not limited to the Complaint filed on July 8, 2011, and as amended by the First Amended Complaint filed contemporaneously with the filing of the motion for preliminary approval, on or about December 28, 2012.

7.    "Court" means the United States District Court for the Southern District of New York.

8.    "Defendant" or "CitiMortgage" means CitiMortgage, Inc.

9.    "DOJ" means the United States Department of Justice.

10.    "DOJ Settlement" means the settlement provisions titled as the "USDOJ Servicemembers Civil Relief Act Settlement Provisions", a copy of which is attached as Exhibit A to this Agreement and are incorporated herein by reference. The DOJ Settlement provisions are part of and constitute Exhibit H to a broader settlement reached in April 2012 between among others, Citigroup Inc. and certain affiliated entities, including CitiMortgage, the United States of America, the District of Columbia and 49 States and entered as a Consent Judgment in the United States District Court for the District of Columbia, often referred to as the National Mortgage Settlement.

11.    "Effective Date" means the second business day after each and all of the following conditions have occurred:  (i) this Agreement has been signed by Plaintiff, Class Counsel, Defendant, and Defendant's counsel; (ii) Orders have been entered by the Court conditionally certifying the Settlement Class, granting preliminary approval of the settlement, and approving the Class Notice; (iii) the Court-approved Class Notice has been duly provided as ordered by the Court; (iv) Defendant has not elected to withdraw from or terminate the Settlement in accordance with the terms of this Agreement; (v) the Court has entered a Final Approval Order (as defined in Section A.13 below) approving the Settlement; (vi) the Court has entered a final Order with respect to any attorneys' fees and expenses to be awarded to Class Counsel and that Order is final and non-appealable; and (vii) the Court has entered a Final Judgment (as defined in Section A.14 below) dismissing the Action as to the Settlement Class and Plaintiff Rodriguez with prejudice and that Final Judgment has become Final (as defined in Section A.14 below).



12.   "Eligible Loans" means those Servicemember borrowers (and their affected mortgage loan obligations): (i) with a foreclosure sales completed by Defendant during the Class Period on a mortgage loan obligation on real property owned by the Servicemember borrower; (ii)  who, as part of the review of such completed foreclosure sale under the DOJ Settlement, have a DOJ rendered final determination of eligibility for financial compensation under the terms, requirements and review methodology of the SCRA foreclosure compliance review and relief provisions of Section II (a) of the DOJ Settlement; and, (iii) who meet the requirements set forth in Section F or any other provision of  this Agreement.

13.   "Final Approval Order" means the Order to be submitted to the Court in connection with the final approval hearing on the Settlement, the Settling Parties' proposed form of which is attached hereto as Exhibit B, as entered by the Court consistent with the terms of this Settlement.

14.   "Final Judgment" or "Judgment of Dismissal" refers to the Judgment of Dismissal to be entered in the Action,  consistent with the terms of this Settlement and substantially in the form of Exhibit C hereto, after it is entered by the Court and becomes Final.  Such Judgment of Dismissal shall be deemed Final:  (a) 35 days after the Final Approval Order and Judgment of Dismissal are entered if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding that Order and/or Judgment; or (b) if any such document is filed, then 14 days after the date upon which all appellate and/or other proceedings resulting from the document have been finally terminated in such a manner as to permit no further judicial action.

15.   "Notice and Administration Expenses" means all fees and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) printing and mailing the Class Notice in the manner set forth in this Agreement; and (ii) costs incurred in connection with distributing Individual Settlement Benefits to Settlement Class Members in the manner set forth in this Agreement..

16.   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and their spouses, heirs, predecessors, successors, agents, representatives, or assignees.

17.   "Plaintiff" or "Named Plaintiff" means Plaintiff Jorge Rodriguez, and any of his heirs, successors and assigns.

18.   "Preliminary Approval Order" means the Order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the Settling Parties' proposed form of which is attached hereto as Exhibit D, as entered by the Court consistent with the terms of this Settlement.

19.   "Released Claims" means the claims released by this Settlement Agreement, as set forth in Section L below.

20.   "Released Parties" means Defendant and all persons and/or entities released by this Settlement, as set forth in Section L below.

4



21.    "SCRA" means the Servicemembers Civil Relief Act, 50 U.SC. Appx. §§ 501 *et seq.*, including any prior names by which the SCRA or its predecessor provisions were known.

22.    "Servicemember" has the same meaning as set forth in section 511(1) of the SCRA. "Active Duty" has the same meaning as set forth in section 101(d)(1) of Title 10, United States Code. "Military Service" shall have the same meaning as set forth in section 511(2) of the SCRA

23.    "Settlement" or "Agreement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth in this Agreement and the attached Exhibits.

24.    "Settlement Amount" means the total aggregate amount of payments, calculated and determined pursuant to the DOJ Settlement, that, provided the Effective Date has occurred, Defendant has agreed to make available for potential distribution, in accordance with the terms of this Agreement to Settlement Class Members (as defined below) with Eligible Loans, in complete and final settlement of the Action.  The portion of the Settlement Amount potentially available under this Agreement for payment to each individual Servicemember who is member of the Settlement Class (*i.e.*, the Individual Settlement Benefit as defined in Section A.25 below), shall be set forth on the Class List.

25.    "Settlement Benefit" or "Individual Settlement Benefit" means the portion of the Settlement Amount potentially available through participation by the Settlement Class Member (as defined in Section A.27 below)  in the DOJ Settlement in accordance with its terms, to each individual Settlement Class Member, in such calculated dollar amounts, if any, as finally determined under Section II(a) of the DOJ Settlement and as determined in accordance with Sections F and G of this Agreement.  The dollar amount of the Individual Settlement Benefit shall be set separately forth and listed for each such Settlement Class Member on the Class List.

26.    "Settlement Class" means all current and former members of the United States Armed Forces with Eligible Loans whose real property securing the Eligible Loan was sold by Defendant at a completed foreclosure sale during the Class Period where (i) the mortgage securing the loan on the property originated before the Servicemember's Military Service; (ii) the sale occurred during the Servicemember's period of Active Duty Military Service or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA.  The persons potentially comprising the Settlement Class are those Servicemember borrowers with Eligible Loans that are identified on the Class List.

The "Settlement Class" shall not include borrowers with Eligible Loans who, independent of the DOJ Settlement, at any time prior to the date payments become due under the terms of this Agreement and the DOJ Settlement, have previously released Defendant or the Released Parties (as defined in Section L below) for the same claims arising under section 533 or 521 of the SCRA in connection with the same loan and foreclosure.  Such borrowers shall be



identified by Defendant and the Class List shall be updated accordingly with such borrowers being expunged from the Class List.

The "Settlement Class" shall also not include any individual whom Defendant challenges their eligibility pursuant to Section F, paragraph 3 of this Agreement, where the DOJ renders a final determination indicating that the challenged account(s) is not eligible for financial compensation under the DOJ SCRA Foreclosure Process terms of the DOJ Settlement.

27.    "Settlement Class Member" or "Class Member" means a person who falls within the definition of the Settlement Class. Settlement Class Member or Class Member shall exclude those persons who timely and properly opt out of the Settlement Class in strict accordance with the terms of this Settlement Agreement.

28.    "Settling Parties" or "Parties" means, collectively, Defendant and Plaintiff, on behalf of himself and the Settlement Class Members.

29.    "Third Party Consultant" means PricewaterhouseCoopers LLP or such entity as may be retained as independent consultant under the DOJ Settlement.

## B.    Conditional Certification Of Settlement Class

1.    Solely for the purposes of Settlement, providing Class Notice, and for implementing this Agreement, the Settling Parties agree to conditional certification of the following Settlement Class (as defined above), which shall be certified for settlement purposes only:

> All current and former members of the United States Armed Forces with Eligible Loans, as defined by the Settlement Agreement, whose real property securing the Eligible Loan was sold at a completed foreclosure sale by CitiMortgage, Inc. on or after January 1, 2006 through June 30, 2012 where (i) the mortgage securing the loan on the property originated before the Servicemember's Military Service; (ii) the sale occurred during the Servicemember's period of active duty military service and/or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale or occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA.

2.    For purposes of this Agreement, and the proceedings and certification contemplated herein, the Parties stipulate and agree that Plaintiff shall be appointed the Class Representative for the Settlement Class and that his counsel, the law firm of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, New York 10019, and attorney Scott A. Bursor, the law firm of Carlson Lynch Ltd., 36 N. Jefferson Street, New Castle, PA 16107, and attorney Gary F. Lynch, and the law firm of Faruqi & Faruqi, LLP, 369 Lexington Avenue, 10th Floor, New York, New York 10017, and attorney Gerald D. Wells, III, shall be appointed as Class Counsel for the Settlement Class. The process for seeking certification of the Settlement Class and



appointment of the Class Representative and Class Counsel shall be as set forth below in Sections D (Preliminary Approval) and M (Final Approval).

3.       If the Court does not approve the Settlement, certification of the Settlement Class, and appointment of a Class Representative and Class Counsel, will be void, no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action and the Settling Parties will be returned to their positions status quo ante with respect to the Action as if the Settlement had not been entered into.

## C.      <u>Settlement Consideration</u>

In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Section L below and dismissal of the Action upon Final Approval, Defendant agrees as follows:

1.       <u>DOJ SCRA Foreclosure Review.</u>  All foreclosure sales completed by Defendant during the Class Period will be submitted by Defendant for SCRA foreclosure compliance review under the terms of the DOJ Settlement.  As set forth below in Sections F and G, all such completed foreclosure sales will be reviewed under terms of the DOJ Settlement, as part of and in accordance with the compliance review and compensation methodology employed under Section II (a) of the DOJ Settlement for purposes of assessing violations of the SCRA provisions related to completed foreclosures on active duty Servicemembers (the "DOJ SCRA Foreclosure Review Process").  As set forth in Sections F and G, the final results of the DOJ SCRA Foreclosure Review Process shall be utilized under this Agreement to identify and determine the Servicemembers with Eligible Loans potentially comprising the Settlement Class and the amount, if any, of their Individual Settlement Benefit.

2.       <u>Settlement Amount</u>.  The Settlement Amount shall be available for potential distribution to Class Members with Eligible Loans in accordance with the terms of the DOJ Settlement and the terms set forth in Section F and G of this Agreement.  Settlement Class Members eligible to participate in the financial benefits afforded under the DOJ Settlement shall, pursuant thereto, receive an individual payment of their Individual Settlement Benefit, in such amount as reflected on the Class List.  As set forth in Sections F and G below, the amount of the Individual Settlement Benefit potentially available to Settlement Class Members through participation in the DOJ Settlement shall be the amount of financial compensation, if any, awarded to each such Servicemember under the DOJ Settlement, solely as calculated and determined under the final results of the DOJ SCRA Foreclosure Review Process.

3.       <u>Notice and Administration Expenses and Other Costs</u>.   Defendant shall be responsible for all costs and expenses in the Action for: (i) administering the Settlement, including (a) costs incurred in connection with preparing and mailing Class Notice in the manner set forth in Section E below and, (b) costs incurred in connection with distributing the individual Settlement Benefit amounts to the Settlement Class Members in the manner set forth in Sections F, G and H below; (ii) any attorneys' fees and costs the Court awards to Class Counsel pursuant to and in accordance with the limits set forth in Section K below; and (iii) any incentive payment awarded to the Plaintiff pursuant to Section K below.  Defendant may self-administer the Settlement, or at its discretion, utilize a third-party to administer the Settlement. As set forth



herein, Defendant shall confer with Class Counsel during the course of administering the Settlement. All costs of administering the Settlement, including the costs of any third-party administrator, shall be borne by Defendant.

**D.      Preliminary Approval**

1.      Upon execution of this Agreement by all Parties, the Settling Parties shall promptly request that the Court enter a Preliminary Approval Order, in the form attached as Exhibit D hereto, specifically including provisions that: (i) preliminarily approve the Settlement reflected herein; (ii) conditionally certify the Settlement Class (for settlement purposes only) and appoint Plaintiff as Class Representative and appoint Class Counsel as counsel for the Settlement Class; (iii) approve the form of Class Notice to be provided to the Settlement Class in the form attached hereto as Exhibit E, and find that the form, manner and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iv) direct that notice be provided to the Settlement Class, in accordance with the Settlement; (v) establish a procedure for Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than thirty-five (35) days following the date Class Notice is initially mailed as per Section E of this Agreement, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action; (vi) pending final determination of whether the Settlement should be approved, bar all Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Released Persons any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; (vii) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to the effectuation of the Settlement; and (viii) establish a procedure for obtaining the date and time for a hearing on final approval of the Settlement (which final approval hearing date and time, as referenced herein and in Section M below, shall be specifically inserted in the Class Notice and which shall take place after the deadline for members of the Settlement Class to opt-out or object and no earlier than ninety-one (91) days after entry of a Preliminary Approval Order.

**E.      Class Notice**

1.      Timing Of Class Notice. Provided the Settlement has been preliminary approved by the Court and has not terminated in accordance with its terms, Class Notice shall initially be mailed by no later than five (5) days following compilation of the Class List as per Section F.3(c) below, in the form attached hereto as Exhibit E (and with the insertion of the applicable Final Approval Hearing date and time, as well as the objection and opt-out deadline) unless modified by the Court, provided that such modifications are agreed to by the Parties.

2.      Method of Notice. Defendant will provide the Class Notice to those Persons identified on the Class List. The Class Notice referenced in this paragraph will be mailed to the address of record on Defendant's mortgage loan records for the members of the Settlement Class, as such address is reflected on the Class List, updated by a national change of address service. Class Notice shall be sent via first class mail. In the event Class Notice is returned undeliverable with no forwarding address, reasonable address traces shall be performed for all

Class Notices that are returned as undeliverable. For those Settlement Class Members for whom new addresses were identified as of such time, Defendant shall re-mail the class notice within no later than thirty (30) days from the initial date on which Class Notices were mailed.  For those returned undeliverable with a forwarding address as of such time, Defendant shall re-mail the Class Notice to the indicated forwarding address within no later than twenty (20) days of receipt of the forwarding address.  Defendant shall have no further obligation to attempt to obtain a forwarding address or to further re-mail any Class Notice.  Upon completion of the above notice process, Defendant shall notify Class Counsel of any Class Notices it deems undeliverable.

       3.  <u>Request For Forwarding Addresses</u>.  The Class Notice shall request that Class Members provide notice of any subsequent change in their address, which notice shall be sent by a time certain to a P.O. Box to be provided by Defendant as part of administration of the Settlement.  In order to verify identity, Class Members providing updated address information must also provide a copy of their valid driver's license or state identification card.

       4.  <u>Class Notice Costs</u>.  All costs of providing the Class Notice to the Settlement Class shall be paid exclusively by Defendant.

**F.**    **<u>Method for Determination and Identification of Eligible Loans</u>**

       1.    <u>Department of Justice Settlement</u>  The Parties explicitly agree that the sole remedy to members of the Settlement Class is participation in the DOJ Settlement in the manner set forth therein and as contemplated by this Agreement. The Parties further agree that payments provided under the OCC Consent Order process (as defined in Section G.2i below) shall be credited accordingly against any Settlement Benefits available hereunder.  Except in the instance where Defendant seeks judicial review of a DOJ determination of eligibility in accordance with Section II (d) of the DOJ Settlement (as described in Section F.3(f) below), the Parties acknowledge and agree that the DOJ shall have the final authority to decide which Servicemember borrowers meet the criteria for an Eligible Loan;  the amount, if any, such borrowers are to be compensated;  the amount of any resulting Individual Settlement Benefit; and the timeline and method for the payment of any compensation available under this Agreement through participation by the Class Member in the DOJ Settlement.

       2.    <u>Review of Completed Foreclosure Sales:</u>  Pursuant to the DOJ Settlement and as more specifically set forth therein, Defendant has engaged the Third Party Consultant to review certain completed foreclosure sales during the Class Period for purposes of assessing compliance with Sections 521 and 533 and other foreclosure related provisions of the SCRA, subject to review and approval of the DOJ and possible judicial review.  The Parties acknowledge and agree that the DOJ SCRA Foreclosure Review Process will encompass the Servicemember borrowers potentially comprising the Settlement Class and will result in final determination of their eligibility for compensation under the DOJ Settlement and the amount of financial compensation, if any, available thereunder.  The Parties agree that the final determinations of eligibility and compensation reached under the DOJ Settlement will be binding on the Parties and the Class Members for purposes of this Agreement.

       3.    <u>DOJ SCRA Foreclosure Review Process:</u>  All foreclosure sales completed by Defendant during the Class Period will be submitted by Defendant for review as part of the



compliance review process to be conducted under the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement.  Defendant shall submit all such completed foreclosures sales in such manner, content and form as required by the DOJ pursuant to the terms of the DOJ Settlement.  Except as otherwise directed by the DOJ under the DOJ Settlement, the  DOJ SCRA Foreclosure Review Process shall be conducted in accordance with the following review processes and criteria:

(a).    <u>Preliminary Determination of Eligibility</u>:

(i).     Completed foreclosure sales submitted under the DOJ Settlement ("Accounts") will be checked, as directed by the DOJ, against certain military status information as maintained and reflected in the Department of Defense's Defense Manpower Data Center ("DDMDC Information").

(ii).    The check against the DDMDC Information shall be used to identify all Accounts that involve Servicemember borrowers who meet both of the following two conditions: (i) Active Duty status of the Servicemember borrower as of the time of the completed foreclosure sale and/or within the applicable grace period under the SCRA; and (ii)  no Active Duty status of the Servicemember borrower at the time of loan origination. Accounts not meeting both these criteria shall be deemed ineligible for relief and shall not qualify as an Eligible Loan.

(iii).   The submission against the DDMDC Information will be conducted exclusively by or at the direction of the DOJ, as part of and in the manner required pursuant to the DOJ Settlement, and will consider such Active Duty status information as available and reflected through the DDMDC Information, or such other information as permitted or required by the DOJ.

(iv).    The Servicemember borrower Accounts identified as being on Active Duty at the time of the foreclosure or within the applicable grace period under the SCRA, but not on Active Duty at the time of loan origination, will be deemed preliminarily eligible for potential compensation under the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement, unless Defendant decides to challenge these determinations in the manner contemplated by the DOJ Settlement and as described in Section F.3(b) below.

(v).     Accounts determined preliminarily eligible for potential compensation but not challenged by Defendant shall, upon final completion of the compliance review process described in Section F.3(b) below, be considered as having a DOJ rendered final determination of eligibility for compensation in accordance with the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement.

(b).   <u>Final Determinations of Eligibility:</u>

(i).   If Defendant decides to challenge a determination of preliminary eligibility for compensation, Defendant may, within the time period permitted by the DOJ Settlement, submit the challenged Accounts for further compliance review by the Third Party Consultant in accordance with the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement. If Defendant disagrees with the DOJ's determination following the Third Party Consultant's report, Defendant may then produce, within 30 days, evidence of its compliance with the SCRA which shall be considered as set forth and required by the DOJ Settlement. Class counsel shall be apprised, by confidential notification letter, of any challenges to eligibility for compensation. Any such notification letter shall be treated as an addenda to the side letter and kept and maintained as confidential in the manner set forth in Section Q.2. below.

(ii).   The data and information to be submitted by Defendant regarding the challenged Accounts shall be in accordance with and in such manner, content and form as required or permitted by the DOJ pursuant to the terms of the DOJ Settlement.

(iii).   Challenged Accounts submitted for review shall be reviewed by the Third-Party Consultant in accordance with certain decisioning compliance review criteria (the "Decisioning Criteria") as established by the DOJ as part of the DOJ SCRA Foreclosure Review Process. The Decisioning Criteria shall not be changed except as permitted or required by the DOJ as part of the DOJ Settlement. In the event of such change, the Decisioning Criteria shall be modified and applied accordingly.

(iv).   The Decisioning Criteria to be applied by the Third Party Consultant are specified in the separate letter agreement executed concurrently with this Settlement by Defendant's counsel and Class Counsel.  In the event of a DOJ permitted or required change to the Decisioning Criteria, Defendant shall provide written notice of the same in letter to be provided to Class Counsel. Any such notification letter shall become part of, and constitute an addenda to, the separate letter agreement. The separate letter agreement and any such addenda shall be kept and maintained as strictly confidential (and as further described below in Section Q.2) and may not be disclosed to any person not a signatory thereto, except to Defendant's regulators, the DOJ, or to the Court, who, upon request, shall be provided with a copy of the letter agreement or any addenda thereto under seal and for *in camera* review.

(v).   Following final completion of the compliance review of the challenged Accounts in the manner described herein, DOJ in accordance with the DOJ Settlement shall render its final determination as to whether or not the challenged accounts are eligible for financial compensation under the

LN

DOJ SCRA Foreclosure Process terms of the DOJ Settlement. Any account finally determined ineligible for financial compensation shall be excluded from the Settlement Class.

(vi).   Calculations and determinations of the compensation amounts, if any, for those Accounts with final determinations of eligibility shall be made as part of and in such manner as required and contemplated by the DOJ Settlement. Such compensation determinations as approved pursuant to the DOJ Settlement shall be binding on the Parties and Class Members for purposes of this Agreement.

The Parties Agree that the review and compensation methodology and compensation amounts (as reflected or incorporated in this Agreement) are exclusively for purposes of determining and indentifying, in reasonable and efficient fashion, potential Settlement Class Members and the amount if any of their Individual Settlement Benefit. The fact this review and compensation methodology and amounts are used herein is not intended and shall not be used for any other purpose or objective whatsoever.

(c).   Compilation of Class List: Following final completion of the DOJ SCRA Foreclosure Review Process, Defendant shall prepare the Class List which shall identify the Servicemember borrowers (and their respective SCRA mortgage loans) with Eligible Loans comprising the proposed Settlement Class. The Class List shall be prepared based on the final results of the DOJ SCRA Foreclosure Review Process described in Section F.3(a) and (b) above, and only those Accounts having a DOJ final determination of eligibility for financial relief shall be deemed Eligible Loans and the Servicemember borrowers on such Eligible Loans shall be included on the Class List. The Class List shall also reflect the amount of the Individual Settlement Benefit potentially available to each such member of the Settlement Class identified on the Class List. The Class List shall be kept and maintained as strictly confidential and may not be disclosed to any person except Defendant and its Counsel and/or any third-party retained to administer this Settlement, Class Counsel, Defendant's regulators, the DOJ and/or the Third-Party Consultant, and the Court, who shall, upon request, be provided with a copy of the class list under seal and for its *in camera* review. The Class List shall be kept and maintained by Defendant and, upon reasonable notice and advance written request, the Class List shall be made available for review and inspection to Class Counsel. The Parties agree that the Class List may only be used for purposes of identifying and providing notice and distributing Settlement Benefits to the members of the Settlement Class and for no other purpose.

(d).   Verification by Affidavit:   Upon completion of the review processes set forth in Section F.3(a) and (b) above, Defendant shall, at the appropriate times, provide Class Counsel with an affidavit (1): attesting that to the best of Defendant's knowledge (i): all completed foreclosure sales for the Class Period were submitted for review under the DOJ Settlement and checked against the DDMDC Information in the manner required by the DOJ Settlement, as reflected in Section F.3.(a) of this Agreement; (ii) to the extent Defendant challenged preliminary determinations of eligibility, the challenged Accounts

12



were submitted for compliance review and checked against the Decisioning Criteria in the manner required by the DOJ Settlement, as reflected in Section F.3.(b) of this Agreement; and (iii) the Class List was prepared based on the final results of the DOJ SCRA Foreclosure Review Process, as described in Section F.3 above, and includes as Eligible Loans, those Servicemember borrower Accounts having a final determination of eligibility for financial relief in accordance with the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement; and (2) reciting the total number of Servicemember borrowers comprising the proposed Settlement Class and the dollar amount comprising the total aggregate combined Settlement Amount.

      (e).   <u>Conflict</u>.  In the event of any conflict between this Settlement Agreement (including the separate letter agreement referenced above) and the terms of DOJ Settlement, the terms of the DOJ Settlement as interpreted and applied by DOJ shall in all respects control, including without limitation for purposes of determining whether, and the means and criteria by which Accounts are to be reviewed and/or determined eligible for financial compensation,  and the amounts of any such compensation, in accordance with and under the terms of the DOJ Settlement and this Agreement.

      (f).   <u>Judicial Review</u>.  Nothing in this Agreement precludes Defendant from seeking judicial review of a DOJ final determination of eligibility, as contemplated by the DOJ Settlement.  In the event Defendant requests judicial review of a DOJ final determination in accordance with the terms of the DOJ Settlement, no Settlement Benefit payments shall be made as a result of the DOJ final determination subject to the review until the judicial process is complete. In such case, the judicial process determination under the DOJ Settlement shall determine eligibility for a Settlement Benefit.

## G.    <u>Individual Settlement Benefits for Class Members with Eligible Loans</u>

      1.   Subject to the terms of this Agreement, the Settlement Benefits described below, payable by Defendant, shall be available to Class Members with Eligible Loans who have a final determination of eligibility for compensation under the DOJ Foreclosure Review Process described in Section F above.  The Parties explicitly agree that the Individual Settlement Benefits described herein shall be available for potential distribution to Class Members solely and only through their direct participation in the DOJ Settlement in accordance with its terms and that relief provided in accordance with the DOJ Settlement, the OCC Consent Order Process or as otherwise as provided in this Agreement shall constitute payment hereunder.

      2.   The Individual Settlement Benefits potentially available under the DOJ SCRA Foreclosure Review Process provisions of the DOJ Settlement, include, as set forth in the DOJ Settlement, the following potential financial benefits:

          i.   payment of the amount of $116,785.00 to the Servicemember-borrower or an amount consistent with what was provided under the April 13, 2011 Citibank, N.A. OCC Consent Order (the "OCC Consent Order") Independent Review Process for similar violations of Sections 533 or 521 of the SCRA, whichever is higher; and

ii.     payment of any lost equity in the foreclosed property, as calculated by subtracting: (1) any outstanding principal, interest and other amounts owing by the borrowers (excluding any fees associated with foreclosure), plus any junior liens at the time of foreclosure and any disbursements made to the Servicemember or a third party other than a junior lien holder from the proceeds of the foreclosure sale (exclusive of any fees associated with the foreclosure) from (2) Either: (i). a contemporaneous appraisal reflecting the value of the home at the time of foreclosure; (ii) subject to DOJ Approval, a Broker Price Opinion ("BPO") or other desktop determination of property valuation that results in property valuations reasonably consistent with those contained in contemporaneous appraisals; or (iii) a retroactive appraisal reflecting the value of the home at the time of foreclosure; and

iii.    payment of interest accrued on such lost equity, calculated from the date of the foreclosure sale until the date payment is issued at the rate set forth in 28 U.S.C. § 1961.

iv.    The amount described in subsection G.2.i.shall be payable entirely to the Servicemember-borrower on the note securing the mortgage on the foreclosed property at issue. The amounts described in subsections G.2.ii. and G.2.iii. shall be distributed among all owners (including non-servicemember owners) on the deed in such manner as set forth in the DOJ Settlement. The Parties agree calculations of lost equity and interest accrued thereon shall be made as part of and in such manner as required and contemplated by the DOJ Settlement.

v.    In cases where monetary compensation or other remedial actions or efforts with respect to a foreclosure Account with a final determination of eligibility has already taken place, the available compensation amounts described in this Section G shall be adjusted, reduced and/or disallowed in accordance with and in the manner provided for under the provisions of the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement and as otherwise set forth in this Agreement.

vi.    In the event that a Servicemember located under the Independent consultant review process of the OCC Consent Order elects to receive the return of his or her home in lieu of a flat fee damages payment, and the amount of flat fee payment available under the OCC Consent Order remediation plan was not less than $116,785, then the amounts potentially available as compensation under the DOJ Settlement may be disallowed in accordance with and in the manner provided for under the provisions of the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement.

14

**H.**   **Settlement Administration and Distribution of Settlement Benefits**

1.   <u>Administration</u>.   The Settlement will be administered by Defendant or its designee, at Defendant's discretion.  All costs of administering the Settlement, including the costs of any third-party settlement administrator,  shall be borne by Defendant.

2.   <u>Settlement Benefits</u>.   Settlement Benefits shall be available for potential distribution to Settlement Class Members with Eligible Loans who participate in the DOJ Settlement via a check payment, in the manner set forth in, and subject to the terms of, the DOJ Settlement and as otherwise set forth in this Agreement.  If there are two or more borrowers on a single Eligible Loan, only one Settlement Benefit in the amount shown on the Class List for such Eligible Loan will be provided on that particular loan and shall be distributed in the manner provided for by the DOJ Settlement and as otherwise set forth in this Agreement.   Settlement Benefits shall be distributed in accordance with the payment schedule provided by the DOJ Settlement and shall be distributed via check as follows:

a.   Each Settlement Class Member shall receive his or her share of the Settlement Amount (i.e., their Individual Settlement Benefit)  based on methodology set forth by the DOJ and as otherwise set forth in this Agreement.  Except for Defendant's obligations set forth in Section K, notwithstanding any other provision in this Agreement, however, in no event shall Defendant's total obligation to the Settlement Class exceed the amount of the DOJ Settlement, nor shall Defendant be required to make any payments outside payments to be distributed, if at all, pursuant to the DOJ SCRA Foreclosure Review Process terms of the DOJ Settlement.

b.   Settlement Benefits distributed by check shall be mailed to the Settlement Class Member at the address indicated for such member on the mortgage loan records of Defendant for such Class Member, as such address is reflected on the Class List, updated by a national change of address database and/or any forwarding address received as a result of mailing Class Notice, or as otherwise determined as part of the DOJ Settlement. Except as otherwise provided by the DOJ Settlement, check payments shall be issued in the name(s) of the SCRA Mortgage Loan holder(s) for the Eligible Loan as shown on the loan records of Defendant, as such name(s) is/are reflected on the Class List.

c.   To the extent permitted or required by the DOJ under the DOJ Settlement, each check mailed shall bear a conspicuous legend indicating that it will be void if not cashed within a time certain, as permitted by the DOJ.  In the event a Settlement Benefits check becomes void or is returned, the Settlement Class Member(s) shall forfeit his/her right to payment, but this Agreement shall in all other respects continue to be fully enforceable against the Settlement Class Member and the Settlement Class Member shall be bound by this Agreement including its Release provisions. The Settling Parties will not be responsible for re-mailing any returned checks, for lost, destroyed, or stolen checks, or for confirming the validity of any signature or current address of any Settlement Class Member.

3.   <u>Disputes</u>:  In the event of a dispute as to any distribution of a Settlement Benefit to a Class Member, such dispute shall be resolved under the terms of the DOJ settlement and the



only judicial review will be that contemplated by the DOJ Settlement, as described above in Section F.3.(f).

4. <u>Tax Obligations</u>. Plaintiff and Class Counsel expressly agree and acknowledge that each Settlement Class Member shall be solely responsible for any and all tax obligations, related to any payments received by that individual Settlement Class Member as part of this Settlement. Defendant makes no representations about the tax ramifications, if any, of any payments made pursuant to this Agreement.

5. <u>No Duplicate Recoveries.</u>   The Parties acknowledge and agree that no duplicate recoveries for any single foreclosure, alleged SCRA violation or Servicemember borrower loan will be allowed and that payment for such foreclosure, alleged SCRA violation or loan under the DOJ Settlement, the OCC Consent Order process or otherwise will constitute payment under this Settlement and credited accordingly so as to prevent any double recovery to Plaintiff or Class Members.

## I.   **Opt-Out Right**

1. Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by Settlement Class Members to be excluded must be in writing and postmarked by the date specified in the Class Notice (which date shall be no earlier or later than thirty-five (35) days following the date Class Notice is initially mailed). A request for exclusion that is not timely postmarked or that is sent to an address other than that set forth in the Class Notice shall be invalid and the person(s) serving such request shall be a Settlement Class Member and be bound by this Agreement.

2. Any Prospective Settlement Class Member who accepts payment pursuant to the DOJ Settlement or the OCC Consent Order process is not permitted to opt out of this Settlement and such exclusion request shall be invalid.

3. Exclusion requests must: (i) be signed by all borrowers for the SCRA Eligible Loan; (ii) include the full name, address and loan number(s) of the person(s) requesting exclusion; (iii) be timely postmarked and mailed to the address provided in the Class Notice [address to be provided by Defendant]; and, (iv) include the following statement "I/we request to be excluded from the class settlement in *Rodriguez v. CitiMortgage, Inc.*, Case No. (S.D.N.Y.)" or language of similar import. No request for exclusion will be valid unless it complies with all the foregoing requirements and includes all of the information described above. For any person in the Settlement Class who has more than one SCRA Eligible Loan, the exclusion request must specify each separate SCRA Eligible Loan from which the Settlement Class Member wishes to be excluded. Defendant will retain a copy of all requests for exclusion and will provide a copy of any such requests (with SCRA Loan numbers, except for the last four digits, redacted) to Class Counsel within seven business days following expiration of the deadline for submitting requests for exclusion. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person has properly opted out. All persons in the Settlement Class who do not opt-out in accordance with the terms set forth herein or whose opt-out request is deemed invalid by the Court shall be bound by all determinations and judgment in the Action and will be "Settlement Class Members" hereunder.



4.     No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative.  Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member of the Class and treated and be bound as a Settlement Class Member for all purposes.

5.     All persons in the Settlement Class who properly exclude themselves from the Settlement Class will not be entitled to any benefits provided by this Agreement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue, at their own expense, any claims they may have against Defendant. Nothing in this Agreement shall preclude a member of the Settlement Class from independently participating in the DOJ Settlement.

**J.     Objections To The Settlement**

1.     Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may object to the Settlement and appear at the hearing on final approval to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive award to the Plaintiff.

2.     In order to object, and/or be heard on such objection at the hearing on final approval, the Settlement Class Member must make any Objection in writing, stating the grounds and reasons therefore, and file it with the Court within the date specified in the Class Notice (which date shall be no earlier or later than thirty-five (35) days after the initial mailing date of the Class Notice).  The Objection must also be mailed to both of the following, postmarked by the last day to file in Court the Objection:

| On behalf of Class Counsel: | Counsel for Defendant: |
|---|---|
| Scott A. Bursor | Lucia Nale |
| Bursor & Fisher, P.A., | Mayer Brown LLP |
| 888 Seventh Avenue | 71 South Wacker Drive |
| New York, New York 10019 | Chicago, IL  60606 |

Class Counsel identified above shall promptly forward any Objection received to the remaining Class Counsel.

3.     To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and SCRA Loan number(s); (ii) contain the signatures of all borrowers on the SCRA Eligible Loan(s); (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position.  Any Class Member who wishes to appear at the final approval hearing in person instead of submitting only written objections, must also file a notice of intention to appear with the Clerk of the Court, and serve the notice on Class Counsel and

17



Counsel for Defendant, by the date specified herein.  Any Class Member who fails to object in the manner prescribed herein and in the Preliminary Approval Order shall be deemed to have waived his or her objection and forever be barred from making any such objection in the Action.

**K.**     **Attorneys' Fees Award and Incentive Award for Plaintiff**

1.     <u>Attorneys' Fees and Costs.</u>  Class Counsel will request approval of attorney's fees and costs in an amount not to exceed three million, five-hundred, twenty-five thousand dollars ($3,525,000.00) and Defendant agrees that will not oppose an application by Class Counsel for attorneys' fees and costs in an amount not to exceed $3,525,000.  Provided plaintiff and Class Counsel have timely provided the completed W-9 forms as required herein, Defendant will pay such attorneys' fees and costs, or such lesser amount ordered by the Court, as does not exceed $3,525,000, within fourteen (14) business days after entry by  the Court of the Final Approval Order and Judgment of Dismissal, granting final approval of the Settlement in accordance with the terms of this Agreement, and after entry of an order approving the payment of such fees and costs, notwithstanding any appeal, provided Class Counsel executes a Stipulated Undertaking, in a form mutually acceptable to both parties.  The Stipulated Undertaking shall provide that Class Counsel are each jointly and severally liable for the repayment of fees and expenses should the Final Approval Order and/or Judgment of Dismissal be reversed or materially modified or the fee and costs order reversed or reduced on appeal. In the absence of such a stipulated undertaking, fees and costs payable hereunder, in an amount not exceeding the total amount of $3,525,000, shall be payable within two (2) business days after the Effective Date (as defined above) of the Settlement, provided plaintiff and his counsel have provided the completed W-9 forms as required herein.  The Settlement and effectiveness of this Agreement is not conditioned upon the Court's approval of the fees or costs sought by Class Counsel.  In addition, no interest will accrue on such amounts at any time.   Class Counsel must submit a fee petition consistent with the terms of this Agreement no later than ten (10) days prior to the date set for the final approval hearing.  Class Counsel also agrees to provide a completed W-9 Form for all appointed class counsel and a W-9 Form for Plaintiff reasonably in advance of any payments that may be due from Defendant pursuant to any terms of this Agreement.

2.     <u>Settlement Payment to Named Plaintiff.</u>  Defendant agrees not to oppose an application by the Plaintiff for a settlement payment, subject to the Court's approval, in the amount of One-hundred, sixty-six thousand, seven-hundred, eighty-five dollars ($166,785.00), in settlement of plaintiff's claims.   The settlement payment (or such lesser amount as is actually approved and awarded by the court, the "Settlement Payment")  is in consideration and release of any and all individual claims in any way related to plaintiff's mortgage  loan or foreclosure proceedings and is agreed to in lieu of any other distribution, payment or benefits hereunder.  Plaintiff acknowledges and agrees that Plaintiff shall not be entitled to any of the relief or payments available to Settlement Class Members under the Settlement, whether through participation in the DOJ Settlement or otherwise.   However, Defendant shall only be obligated to pay the amount of the Settlement Payment actually approved and awarded by the Court not exceeding the total amount of $166,785.00.  Provided plaintiff and his counsel have timely provided Defendant with the completed W-9 forms as required above, Defendant will pay such amount to Plaintiff Rodriguez, care of his counsel, Bursor & Fisher, P.A., within fourteen (14) business days after entry by the Court of the Final Approval Order and Judgment of Dismissal, granting final approval of the Settlement in accordance with the terms of this Agreement, and

18



after entry of an order approving payment of the Settlement Payment, notwithstanding any appeal, provided Class Counsel and Rodriguez each executes a Stipulated Undertaking, in a form mutually acceptable to both parties. The Stipulated Undertaking shall provide that Class Counsel and Rodriguez are each jointly and severally liable for the repayment of the Settlement Payment should the Final Approval Order and/or Judgment of Dismissal be reversed or materially modified or the Settlement Payment be reversed or reduced on appeal. In the absence of such a stipulated undertaking, the Settlement Payment, in an amount not exceeding the total amount of $166,785.00, shall be payable within two (2) business days after the Effective Date (as defined above) of the Settlement, provided plaintiff and his counsel have provided the completed W-9 forms as required above. The Settlement and Effectiveness of this Agreement is not conditioned upon the court's approval of a Settlement Payment, nor upon the failure of the court to approve said payment in the full amount requested by plaintiff. Class Counsel will submit any motion to approve the settlement payment consistent with the terms of this Agreement no later than (10) days prior to the date set for the final approval hearing.

Plaintiff Rodriguez shall not be eligible for any further compensation under the DOJ Settlement or otherwise, and shall not apply for any additional incentive payment. In the event compensation is awarded to plaintiff under the DOJ SCRA Foreclosure Review Process or the OCC Consent Order process, the amount of the compensation awarded under the DOJ settlement or OCC Consent Order Process shall be credited against the amounts awarded hereunder as a Settlement Payment, so as to prevent any double recovery to plaintiff for the same mortgage loan foreclosure and/or alleged SCRA violation.

3.    Tax Obligations. Plaintiff and Class Counsel expressly agree and acknowledge that they shall be solely responsible for any and all tax obligations related to any payments received pursuant to this portion of the Settlement Agreement. Defendant makes no representations about the tax ramifications, if any, of any payments made pursuant to this Agreement.

L.    **Release of Claims**

a.    As of the Effective Date of the Settlement, the Named Plaintiffs, on his own behalf and on behalf of each Settlement Class Member, and on behalf of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and any co-borrowers or co-signers on their Eligible Loans, and/or owners or co-owners of the real property securing the Eligible Loan (collectively the "Releasing Parties") acknowledges full satisfaction of and fully, finally and forever settles with, releases and discharges the Released Parties (as defined below) of and from all Released Claims (as defined below). Subject to Court approval of the Settlement Agreement, all Settlement Class Members shall be bound by the Settlement Agreement and all of their claims shall be dismissed with prejudice and released even if they never received personal notice of the Action or its Settlement. The Effectiveness of the Settlement Agreement shall not be conditioned upon approval of the payment or the amount of payment either to the Named Plaintiff, or to Class Counsel as an award of attorneys' fees.

19



b. For purposes of the Settlement Agreement, "Released Parties" means and includes: CitiMortgage, Inc., and each and all of its (i) present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and/or any financial institutions, corporations, trusts, or other entities that serviced or may hold or have held any interest in any Eligible Loan or foreclosed property or any receivables relating to any Eligible Loan or foreclosed property, or any receivables or group of receivables, or any interest in the operation or ownership of CitiMortgage or any of the foregoing entities; and (ii)   all of the aforementioneds' respective past present or future officers, directors, employees, attorneys, shareholders, agents, vendors (including processing facilities) and assigns, as well as the holder, owner, mortgagee or third party servicer of any mortgage loan or foreclosed property which is the subject of this Settlement (collectively the "Released Parties").

c. For purposes of the Settlement Agreement, "Released Claims" means and includes any and all rights, duties, obligations, claims, demands, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, and including, but not limited to, breach of contract, unjust enrichment, money had and received, specific performance, promissory estoppel, unfair trade practice, usury claims, fraud, violation of state or federal banking regulations, violation of state or federal consumer protection statutes or unfair trade practices or competition statutes, and/or violation of the Service Members Civil Relief Act, 50 U.S.C. App. § 501, *et seq.*, which Plaintiff, or any Settlement Class Member or any Releasing Party now has or has ever had, that relate to or arise out of in any way to: (i)  any and all acts, omissions, facts, transactions, occurrences, claims, demands, actions, causes of actions, rights, offsets, liens or liabilities alleged, asserted, or referred to in the Action, or which could have been asserted in the Action; (ii) any actual or attempted foreclosure, sale, or seizure of any mortgage loan (or the property securing said loan) set forth on the Class List; (iii) any violation of the SCRA in connection with a loan identified on the Class List, including without limitation, any claims for violations of  Sections 521 or 533 of the SCRA or violations of any comparable state law provisions.

d. For purposes of the Settlement and with reference to the Named Plaintiff, "Released Claims" further specifically extends to and includes any and all claims, actions, causes of action or liabilities, whether arising under local, state, or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that relate to or arise out of in any way, to the mortgage loan, property or foreclosure(s) at issue in the Action.

e. Without limiting the foregoing releases, the Released Claims specifically extend to claims that the Named Plaintiff and each and any Settlement Class Members do

not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, becomes effective.  This section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Likewise, this section constitutes a waiver of, without limitation as to any other applicable law, Section 20-7-11 of the South Dakota Codified Laws, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Named Plaintiff and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542, Section 20-7-11 of the South Dakota Codified Laws and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

    f.   Except to the extent released by the Settlement Agreement, nothing contained within the Release Provision shall otherwise amend or modify the rights or obligations of any party as set forth in the loan mortgage agreements existing between the Parties.

    g.   The releases contained in this Section L shall apply to and bind all members of the Settlement Class who do not opt-out, including but not limited to those Settlement Class Members whose Class Notices are returned undeliverable, those who do not negotiate checks sent to them, and/or those for whom no current address can be found.  The releases contained in this Section L also shall apply to and bind all members of the Prospective Settlement Class who accept payment pursuant to the DOJ Settlement or who accept any payment otherwise credited under this Agreement as a payment under the DOJ Settlement or this Agreement.



h. Defendant agrees to release any and all claims or counter-claims it has or may have against Plaintiff that relate to or arise out of in any way, to the mortgage loan, property or foreclosure(s) at issue in the Action.

## M.   Final Approval

Final Approval Order. Following entry of the Preliminary Approval Order, the provision of Class Notice as set forth herein and expiration of the time for opt-outs and objections, the Parties shall, at the final approval hearing, promptly request from the Court entry of a Final Approval Order and Judgment of Dismissal in the forms to be agreed to between the Parties and specifically including provisions that: (i) find that notice of the Settlement was the best notice practicable under the circumstances and was due and sufficient notice to the Settlement Class, and that such notice fully satisfied the requirements of due process, and the requirements of Federal Rule Civil Procedure 23; (ii) approve the Settlement and find that the Settlement Agreement is fair, reasonable and adequate and in the best interests of the Settlement Class; (iii) confirm that Plaintiff and the Settlement Class Members have released all Released Claims, as set forth above, and permanently bar and enjoin Plaintiff, and all Settlement Class Members, from asserting, commencing, prosecuting, or continuing any of the Released Claims against Defendant or any of the Released Parties; and (iv) dismiss the Action with prejudice as to the Settlement Class and Plaintiff and dismiss the Action without prejudice as to the remainder of the putative class that has opted out and is not a part of the Settlement Class, subject to the Court's retaining jurisdiction over the enforcement of the terms of this Agreement. The Final Approval Order may also contain provisions for the award of attorneys' fees and costs and the incentive award as set forth herein.

## N.   General Matters

1.   No Admission of Liability.   Defendant disputes the claims alleged in the Complaint and denies any liability as part of the Settlement. Defendant is settling and has entered into this Agreement solely to avoid the cost and inconvenience of litigation, and to completely be free of any further claims that were asserted or that could have been asserted in the Action.

2.   Effect of Settlement. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of Defendant's right to seek to enforce the terms of any borrowers loan mortgage agreement. The Released Parties may file the Settlement Agreement and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.



3.   Evidentiary Preclusion.   In the event that the Settlement is not approved as presented, or Defendant withdraws from the Settlement as set forth herein, the Parties agree that neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the mailed Class Notice, Court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Defendant's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

4.   Reservation of Defendant's and Settlement Class Members Rights.  Except to the extent released or modified by this Agreement, all terms and conditions of the loan documents for all Settlement Class Members will at all times remain valid, binding and enforceable, including following the conclusion of any Settlement. Defendant  reserves all of its rights and remedies with respect to Settlement Class Members in connection with all claims it may have with regard to their mortgage loans.  This reservation of rights and remedies specifically includes, but is not limited to, the right to initiate, seek or complete foreclosure as permitted by the loan documents, applicable law or otherwise.

5.   Return of Documents.   The Parties agree that all information obtained from or provided by Defendant in connection with the Parties' settlement discussions shall not be disclosed to third parties, and shall be used only for purposes of effectuating this settlement and no other purpose.  Provided the Effective Date has occurred,  all  written  information,  deposition  transcripts,  or  documents, confidential or otherwise, provided by or obtained from Defendant or the court reporters in connection with this Action shall be returned by Plaintiff to Defendant within thirty-five (35) days after Defendant's performance of all obligations under the Settlement and Plaintiff shall retain no copies thereof.  The Parties agree that Class Counsel may each retain a single copy of any deposition transcripts and/or any attorney-work product that contains material provided by Defendant as part of their respective case files.

8.   Dismissal with Prejudice.  Upon Final Approval, this Action shall be dismissed with prejudice as to Plaintiff and the Settlement Class as provided for herein.

## O.   Defendant's Right to Withdraw/Terminate

1.     Effect Of Opt-Outs.  If the number of persons in the Settlement Class who submit a timely and valid opt-out (i.e., request exclusion) exceeds five percent (5%) of those who are provided with Class Notice in the manner set forth in this Agreement, then Defendant in its sole discretion will have the right to terminate the Settlement.  In the event that the Settlement is terminated pursuant to this provision, the Settling Parties will be returned to the status quo ante as if no Settlement had been negotiated or entered into and the Settlement Class shall be decertified.  Any option to withdraw under this provision must be filed by Defendant no later than fifteen days (15) days after the deadline for opt-outs contained in Section I above.  Class Counsel acknowledges that it is a conflict of interest for Class Counsel to represent any member

23



of the Settlement Class who opts out of this Agreement, and Class Counsel therefore agree that they cannot and will not represent individuals who opt out of the Settlement Class.  Class Counsel will not directly or indirectly solicit any opt outs or objections from the Settlement Class.

       2.    <u>Failure Of Conditions</u>.  The Settlement is conditioned upon preliminary and final approval without material modification by the Court (except to the extent such modifications affect Defendant's substantive obligations and such modifications are agreed to in writing by Defendant).   In the event that the Settlement is not approved, the Parties will return to the <u>status quo ante</u> as if no Settlement had been negotiated or entered into. If, for any reason, any or all of the conditions specified in Section A.11  above (regarding the Effective Date) are not met and this Settlement fails to become effective, or a Final Approval Order and Judgment of Dismissal is not entered as provided for in Section M, or the Court for any reason determines not to approve this Agreement or conditions its approval on substantive changes in Defendant's obligations (and such changes are not acceptable to Defendant), or the Court's approval is modified, reversed, or set aside on appeal, any and all orders, judgments. and/or dismissals entered or to be entered pursuant to this Agreement shall be vacated, and the Settling Parties shall be returned to the <u>status quo ante</u> with respect to the Action as if this Agreement had never been entered into.

## P.    <u>No Publicity Beyond Notice Provisions</u>

       1.    Except as required by law or as agreed upon in writing in advance by the Settling Parties, Class Counsel and/or Plaintiff will not issue or cause to be issued any press releases, media statements or comment for publication in any media (including, but not limited to, print or electronic media), regarding the Settlement. Class Counsel and/or Plaintiff will make no statements of any kind to any third party regarding the Settlement prior to or other than applying for preliminary approval; provided, however, that Class Counsel are permitted, in connection with their law firm websites, bios, brochures, and other similar marketing materials, future declarations regarding counsel's experience, and/or in speaker biographies, to state that they served as counsel in this matter and that the matter was resolved by settlement.  Further, Class Counsel and/or Plaintiff shall not directly or indirectly cause, encourage, or in any way facilitate comment for publication in any media by Settlement Class Members or others on the terms of the Agreement or the negotiations which culminated in this Settlement.  In the event of an inquiry from a member of the media, Class Counsel and/or Plaintiff shall refer the media to the Class Notice. Nothing herein shall be construed to prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Action or the Settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with such persons, and will not disclose information that is not a part of the public record.  The Settling Parties recognize that this limited confidentiality provision has significant value and that failure to abide by this provision shall constitute a breach of this Agreement.

       2.    <u>Non-Disparagement.</u>    Class Counsel and Plaintiff agree to refrain from disparaging Defendant and the Released Parties with respect to any issue related to the Action or the Settlement.   Similarly, Defendant agrees to refrain from disparaging Class Counsel or



Plaintiff with respect to any issue related to the Action or the Settlement. Failure to abide by this provision shall constitute a breach of this Agreement.

**Q.**     **Confidentiality**

1.      Any and all drafts of this Agreement and drafts of other settlement documents will remain confidential and will not be disclosed or duplicated except as necessary and required by the court to obtain preliminary and/or final court approval. Except as otherwise provided by this Settlement Agreement, it is agreed that, within thirty (30) days after conclusion of the Action and any appeals therefrom, the originals and all copies of all confidential documents and/or information subject to all confidentiality agreements and any Protective Order in the Action shall be returned to the designating party.

2.      Class Counsel may retain a copy of the separate letter agreement (as defined in Section F), however, Class Counsel acknowledges and agrees that the separate letter agreement (and any addenda thereto) and the information reflected therein is and shall be kept and maintained as strictly confidential. Class Counsel acknowledges and agrees that it may not disclose the letter agreement, any addenda thereto, or any of their respective contents to or with any person or entity, and may not use the same for any other purpose whatsoever other than the limited purpose for which it is intended under this Agreement. In the event of any judicial use of the letter agreement in a dispute involving this Agreement, the letter agreement (and any addenda thereto) must be filed under seal with the appropriate court, for *in camera* review only.

**R.**     **Stay/Bar of Other Proceedings**.

All proceedings in the Action will be stayed following preliminary approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action, and no Settlement Class Member, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Persons any action or proceeding asserting any of the Released Claims. The Order submitted on a request for preliminary approval will contain an injunction enjoining the commencement or prosecution of Released Claims by Settlement Class Members or persons purporting to act on their behalf pending final approval of the Settlement. Except as otherwise agreed to by Defendant, the Settlement will be conditioned upon the entry of such an injunction.

**S.**     **Miscellaneous Provisions**

1.      <u>Entire Agreement.</u> This Agreement (along with the letter agreement referenced in Section F and any exhibits hereto) constitutes a single integrated written contract expressing the entire agreement between and among the Parties with respect to the settlement of the Action and relative to the subject matter thereof. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by or on behalf of Plaintiff, the Settlement Class, Defendant, and their respective attorneys. The Parties acknowledge that no covenants, agreements, representation, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

LN

2. <u>Cooperation of the Parties</u> The Settling Parties hereto agree to cooperate in good faith to prepare and execute all documents, to seek court approval, defend Court approval and to do and perform all acts reasonably necessary and proper to effectuate the Settlement described in this Agreement.

3. <u>Obligation to Meet and Confer.</u> Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

4. <u>Counterparts.</u> This Agreement may be signed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required and any signature submitted by facsimile or through e-mail of an Adobe PDF shall be deemed an original.

5. <u>No Prior Assignment</u>. No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6. <u>Terms Contractual and Mutually Negotiated</u>. The terms of this Agreement are contractual and are the result of negotiation among the Settling Parties. Each of the Settling Parties, in consultation with his, her or its attorneys, has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any of the Settling Parties. In addition, no party may seek to rescind this Agreement on the grounds of mistake either of fact or law.

7. <u>Modification and Amendment.</u> This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court.

8. <u>No Conflict Intended.</u> Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text

9. <u>Agreement Read and Freely Executed.</u> Each Party acknowledges, agrees and specifically represents and warrants that he, she or it, (or the responsible officers thereof) has fully and carefully read this Agreement, and that its contents and Release provisions are known and understood by each of the Settling Parties. This Settlement Agreement is signed freely by each party executing it.

10. <u>Authority</u>. The Parties and individual(s) executing this Agreement on behalf of any Party acknowledge, agree and specifically warrant and represent that he or she is fully authorized to execute this Agreement on such Party's behalf and has the full power and authority to bind the person on whose behalf they are signing to the all terms of this Agreement.

11. <u>Receipt of Advice of Counsel.</u> Each Party to this Agreement acknowledges, agree and specifically represents and warrants that they entered into this Agreement based on their own independent judgment and investigation and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and

26



representations expressly made in this Agreement and that they fully understand and have received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effect of this Agreement and the Releases.

12.    <u>Exhibits</u>.  Each and every exhibit to this Agreement is an integral and material part of this Agreement and is incorporated herein by this reference as though fully set forth herein.

13.    <u>No Waiver</u>. The waiver by one party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

14.    <u>Binding Effect</u>.  This Agreement is binding upon, and inures to the benefit of, Plaintiff, and each of her heirs, successors, assigns, and/or personal representatives, the Settlement Class Members, and Defendant, the Released Parties, and each of their successors, predecessors, parents, subsidiaries and affiliated entities.

15.    <u>CAFA Notice</u>.  To the extent applicable, Defendant shall comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. Section 1715(b), and provide notice in accordance with the provisions of that statute.

16.    <u>Governing Law.</u>  This Agreement shall be construed, enforced and administered in accordance with the laws of the State of New York.

17.    <u>Invalidity</u>.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

18.    <u>Notices</u>.    All letters, notices, requests, demands or other communications required or permitted to be given to the Parties hereto pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first class or overnight to the undersigned persons, care of their respective undersigned counsel of record as indicated below, except the Class Notice and any compensation in the form of Settlement Benefits shall be sent directly to the Settlement Class Members as provided in this Agreement.

19.    <u>Jurisdiction</u>. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

**IN WITNESS WHEREOF, the Settling Parties hereto have caused this Agreement to be executed, dated as of December 19, 2012.**

**PLAINTIFF JORGE RODRIGUEZ:**

Signed: _____

Printed Name: _Jorge Rodriguez_

**DEFENDANT CITIMORTGAGE, INC.**

**By:** _____

**Its:** _____

**APPROVED AS TO FORM AND SUBSTANCE:**

_____
Scott A. Bursor
Joe Marchese
Bursor & Fisher, P.A.,
888 Seventh Avenue
New York, New York 10019
LEAD CLASS COUNSEL ON BEHALF OF PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS

_____
Gary Lynch
Carlon Lynch LTD.
36 N. Jefferson Street

28

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Agreement to be executed, dated as of December 19, 2012.

PLAINTIFF JORGE RODRIGUEZ:


Signed:_____

Printed Name:_____



DEFENDANT CITIMORTGAGE, INC.


By:_____


Its:_____



APPROVED AS TO FORM AND SUBSTANCE:



_____
Scott A. Bursor
Joe Marchese
Bursor & Fisher, P.A.,
888 Seventh Avenue
New York, New York 10019
LEAD CLASS COUNSEL ON BEHALF OR PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS


_____
Gary Lynch
Carlon Lynch LTD.
36 N. Jefferson Street

28

P.O. Box 7635
New Castle, PA 16107
LEAD CLASS COUNSEL ON BEHALF OR PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS

_____

Gerald D. Wells III
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor,
New York, New York 10007
LEAD CLASS COUNSEL ON BEHALF OR PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS

**APPROVED AS TO FORM:**

_____

Lucia Nale
Debra Bogo-Ernst
Mayer Brown LLP.
71 S. Wacker Drive
Chicago, Illinois 60606
COUNSEL FOR DEFENDANT CITIMORTGAGE, INC.

29

THIS AGREEMENT MAY BE EXECUTED IN COUNTERPARTS.

**IN WITNESS WHEREOF,** the Settling Parties hereto have caused this Agreement to be executed, dated as of December 19, 2012.

**PLAINTIFF JORGE RODRIGUEZ:**

Signed:_____

Printed Name:_____

**DEFENDANT CITIMORTGAGE, INC.**

By:_____

STEVEN SMITH

Its:_____MANAGING DIRECTOR_____

**APPROVED AS TO FORM AND SUBSTANCE:**

_____
Scott A. Bursor
Joe Marchese
Bursor & Fisher, P.A.,
888 Seventh Avenue
New York, New York 10019
LEAD CLASS COUNSEL ON BEHALF OR PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS

_____
Gary Lynch
Carlon Lynch LTD.
36 N. Jefferson Street

28

P.O. Box 7635
New Castle, PA 16107
LEAD CLASS COUNSEL ON BEHALF OR PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS


_____

Gerald D. Wells III
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor,
 New York, New York 10007
LEAD CLASS COUNSEL ON BEHALF OR PLAINTIFF
JORGE RODRIGUEZ AND THE CLASS


**APPROVED AS TO FORM:**

_____

Lucia Nale
Debra Bogo-Ernst
Mayer Brown LLP.
71 S. Wacker Drive
Chicago, Illinois 60606
COUNSEL FOR DEFENDANT CITIMORTGAGE, INC.

29

**EXHIBIT A**

**USDOJ Servicemembers Civil Relief Act Settlement Provisions:**

**Citi Residential Lending, Inc., Citibank, NA and CitiMortgage Inc. (including with respect to any loans serviced by CitiMortgage, Inc. on behalf of affiliates)**

In exchange for a full release of the United States'[1] potential civil claims under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 501, *et seq.*, arising prior to the date of this agreement against Servicer[2] with respect to the servicing of residential mortgages, under the provisions of the SCRA related to (a) mortgage foreclosure and (b) the prohibition against charging more than 6% interest on SCRA-covered mortgaged debt after a valid request by a servicemember to lower the interest rate and receipt of orders, Servicer agrees to the provisions set forth below.

I.   Servicer shall comply with all the "Protections for Military Personnel" provisions in the Settlement Agreement ("Article V").  In addition, Servicer shall undertake additional remedial action and agree to the policy changes set forth below.

II.   Compensation for Servicemembers and Co-Borrowers

a.   Violations of Sections 533 and 521 of the SCRA related to completed foreclosures on active duty servicemembers: Servicer will engage an independent consultant whose duties shall include a review of all completed foreclosures from January 1, 2006 to the present to evaluate whether the completed foreclosures

---

[1] The following claims are specifically reserved and not released: Any action that may be taken by the appropriate Federal Banking Agency (FBA), as defined in 12 U.S.C. § 1813(q), against Servicer, any of its affiliated entities, and/or any institution-affiliated party of Servicer, as defined in 12 U.S.C. § 1813(u), pursuant to 12 U.S.C. § 1818, and any action by the FBA to enforce the Consent Order issued against Servicer by the FBA on April 13, 2011.

[2] For purposes of the agreement in this exhibit, "Servicer" shall mean Citi Residential Lending, Inc., Citibank, NA and CitiMortgage Inc. (including with respect to any loans serviced by CitiMortgage, Inc. on behalf of affiliates), and their successors and assignees in the event of a sale of all or substantially all of the mortgage servicing related assets of (1) Citi Residential Lending, Inc., Citibank, NA or CitiMortgage Inc., or (2) any of Citi Residential Lending, Inc., Citibank, NA or CitiMortgage Inc.'s division(s) or major business unit(s) that are engaged in servicing residential mortgages.

were in compliance with Sections 533 and 521 of the SCRA. Servicer shall propose an independent consultant and submit the independent consultant's proposed methodology to DOJ for approval within 30 days after the entry of this agreement. The independent consultant shall begin its review within 30 days after receiving the above-referenced approvals by DOJ. The independent consultant shall submit the results of its review to DOJ within 150 days after it receives the data necessary for its analysis from the Department of Defense's Defense Manpower Data Center ("DMDC"), providing relevant periods of military service of borrowers for completed foreclosures from January 1, 2006 to present. Based on the information gathered by the independent consultant, information submitted by Servicer, and DOJ's independent investigation, DOJ shall make the determination reasonably based on the information it has received and its investigative conclusions whether or not a completed foreclosure was in compliance with the SCRA. In the event Servicer disagrees with the DOJ's determination, Servicer shall be afforded 30 days to produce evidence of compliance, which DOJ shall consider in good faith. Where DOJ determines that a foreclosure was not in compliance with the SCRA, Servicer shall compensate the borrowers (i.e., any individual(s) who signed the note with respect to a foreclosed property) by providing:

(1)  an amount of $116,785.00 to the servicemember-borrower or an amount consistent with what was provided under the OCC Consent Order Independent Review Process for similar violations of Sections 533 or 521 of the SCRA, whichever is higher;

(2) any lost equity in the foreclosed property, as calculated by subtracting:

(a) any outstanding principal, interest and other amounts owing by the borrowers (excluding any fees associated with foreclosure), plus any junior liens at the time of foreclosure and any disbursements made to the servicemember or a third party other than a junior lien holder from the proceeds of the foreclosure sale (exclusive of any fees associated with the foreclosure) from

(b) Either:

i. a contemporaneous appraisal reflecting the value of the home at the time of foreclosure;

ii. a BPO or other desktop determination of property valuation that results in property valuations reasonably consistent[3] with those contained in contemporaneous appraisals; or

iii. a retroactive appraisal reflecting the value of the home at the time of foreclosure; and

(3) interest accrued on this lost equity, calculated from the date of the foreclosure sale until the date payment is issued at the rate set forth in 28 U.S.C. § 1961.[4] While the amount described in subsection (1) shall be paid entirely to the servicemember-borrower on the note securing the mortgage, the amounts described in subsections (2) and (3) shall be distributed among all owners

---

[3] Before Servicer may rely on a BPO or desktop determination for purposes of this subsection, Servicer must first obtain DOJ approval that the methodology for the BPO or desktop determination results in property valuations reasonably consistent with a contemporaneous appraisal. DOJ shall not unreasonably withhold such approval.

[4] The independent consultant shall calculate the lost equity and interest described herein as part of its review.

(including non-servicemember owners) on the deed.[5]  In cases where Servicer has

already taken remedial actions with respect to a foreclosure which DOJ

determines did not comply with Sections 533 or 521 of the SCRA, DOJ shall

consider such remedial actions and adjust the compensation to be awarded to the

subject borrower or mortgagor.[6] DOJ will submit lists or electronic links to the

Servicer identifying servicemembers or co-borrowers to be compensated, and

Servicer must notify each identified servicemember or co-borrower (using best

efforts to locate each person) by letter (using Exhibit 1 or a modified version

mutually agreeable to Servicer and DOJ) within 45 days of receiving this list.

Any letters returned with forwarding addresses must be promptly mailed to the

forwarding address.  Servicer shall issue and mail compensation checks no later

than 21 days after receipt of a signed release from the servicemember or co-

borrower aggrieved person. Every 6 months for  a period of two years following

entry of this agreement, Servicer shall provide the DOJ with an accounting of all

releases received, checks issued (including copies of issued checks), credit entries

repaired, and notifications without responses or that were returned as

undeliverable.

---

[5] If information is available regarding percentages of ownership interest in the subject property, the amounts described in subsections (2) and (3) will be distributed in amounts proportionate to the ownership interests. Otherwise, amounts described in subsections (2) and (3) will be distributed equally among owners.

[6]  In determining the amount of compensation due to any servicemember or co-borrower pursuant to Subsection II.a, DOJ will credit any monetary compensation or other remediation efforts, including returning the home to the borrower, already provided to any servicemember or co-borrower for alleged compliance issues pursuant to Sections 533 or 521 of the SCRA and arising from the same mortgage.  In the event that a servicemember located through the OCC Independent Consultant review process elects to receive the return of his or her home in lieu of a flat fee damages payment pursuant to the OCC Consent Order remediation plan (which payment shall not be less than the amount provided in Section II.a.(1)) for violations of Sections 533 or 521 of the SCRA and arising from the same mortgage, the servicemember shall be compensated pursuant to the terms of the OCC Consent Order remediation plan rather than Section II.a of this agreement.

b. Violations of Section 527 of the SCRA related to failing to limit interest rates to 6% on SCRA-covered mortgage debt: Servicer will engage an independent consultant whose duties shall include a review of either all or a sample of mortgage loans where a borrower on the note securing the mortgage submitted a request either orally or in writing for protection under Section 527 of the SCRA, from January 1, 2008 – present to evaluate whether the Servicer complied with Section 527 of the SCRA. The DOJ shall determine whether a sample or a comprehensive review, or some combination thereof, would be more appropriate to locate potential violations by the Servicer. The consultant's methodology must be submitted to DOJ for approval within 60 days after entry of this agreement. DOJ's approval of the methodology will be based on, among other things, DOJ's evaluation of the Servicer's SCRA policies in and around the time period in question, Servicer's search capabilities for determining which individuals requested, either orally or in writing, interest rate protections based on their military status, the servicing platform, and the number of individuals who requested such protection. The consultant shall submit the results of its review within 180 days after DOJ's approval of the methodology. Based on the information gathered by the consultant, information submitted by the Servicer, and DOJ's independent investigation, DOJ shall make the determination, reasonably based on the information it has received and its investigative conclusions, whether or not potential violations of Section 527 occurred. In the event Servicer disagrees with the DOJ's determination, Servicer shall be afforded

30 days to produce evidence of compliance, which DOJ shall consider in good faith. Where DOJ determines that a mortgage loan was not serviced in compliance with Section 527, Servicer shall: (1) refund (with interest, as calculated pursuant to 28 U.S.C. § 1961) all interest and fees charged above 6%; and (2) provide an additional payment of $500 or triple the amount of the refund referenced in subsection (1), whichever amount is larger.[7] The compensation described in subsection (1) shall be distributed equally among all borrowers (including non-servicemember borrowers) on the note secured by the mortgage. The compensation described in subsection (2) shall be paid entirely to the servicemember. In cases where Servicer has already taken remedial actions with respect to a mortgage which DOJ determines did not comply with Section 527 of the SCRA, DOJ shall consider such remedial actions and adjust the compensation to be awarded to the subject servicemember, borrower, or mortgagor.[8] DOJ will submit lists or electronic links to the Servicer of identified servicemembers or co-borrowers to be compensated, and Servicer must notify each identified servicemember or co-borrower (using best efforts to locate each person) by letter (using Exhibit 2 or a modified version mutually agreeable to Servicer and DOJ) within 60 days of receiving this list of servicemembers or co-borrowers to be compensated. Any letters returned with forwarding addresses must be promptly mailed to the forwarding address. Servicer shall issue and mail compensation

---

[7] The independent consultant shall calculate the amounts described herein as part of its review.

[8] In determining whether any compensation is due to any servicemember or co-borrower pursuant to Subsection II.b, and, if so, the amount DOJ will consider the timing of any remedial actions and will credit any monetary compensation already provided to any servicemember or co-borrower for alleged compliance issues pursuant to Section 527 of the SCRA and arising from the same mortgage, and/or provided under the OCC Consent Order Independent Consultant review process for violations of Section 527 of the SCRA and arising from the same mortgage.

checks no later than 21 days of receipt of a signed release from the servicemember or co-borrower aggrieved person. Every 6 months for a period of two years following entry of this agreement, Servicer shall provide the DOJ with an accounting of all releases received, checks issued (including copies of issued checks), credit entries repaired, and notifications without responses or that were returned as undeliverable.

c.  Concurrent with providing financial compensation to the servicemember-borrower, Servicer must request that all three major credit bureaus remove negative entries for the servicemember(s) and any co-borrower(s) attributable specifically to the wrongful foreclosure or interest overcharges and Servicer shall not pursue, and must indemnify the servicemember and his or her co-borrower(s) against any third-party pursuing, any deficiency that was remaining on the servicemember's SCRA-protected mortgage or junior lien after a foreclosure was completed in violation of the SCRA.

d.  Servicer shall have 10 days after DOJ's final determination that a foreclosure was not in compliance with the SCRA or a mortgage loan was not serviced in compliance with Section 527, to seek judicial review on the ground that DOJ made a clearly erroneous factual determination.

III.    SCRA Compliance Policies

a.  Servicer shall submit current SCRA mortgage foreclosure-related policies to DOJ for review and approval.  If the Servicer decides to make a material modification to these policies, Servicer will provide the modified policies for review and

approval. DOJ will advise Servicer of the results of DOJ's review within 60 days
of receipt of a complete submission of all SCRA mortgage foreclosure-related
policies and any subsequent material modifications.  In addition to the areas
covered under the "Protection of Military Personnel" provisions in the attached
document, these policies must address:

   i. Prior to referring a loan to foreclosure, the Servicer shall review any orders
it has received from borrowers[9] and  check borrowers' names and social
security numbers against the DMDC website as provided in the
"Protections of Military Personnel" provisions in the Settlement
Agreement.

   ii. If Servicer pursues a foreclosure action in court and the borrower fails to
answer the action, Servicer and/or its agent will file a military affidavit
with the court as required by Section 521(b)(1)(A).  After the borrower
fails to answer and prior to seeking entry of default, Servicer and/or its
agent will  query the DMDC and  review information in its possession or
control for orders to determine if the borrower is on active duty.  If Servicer
and/or its agent learns that the borrower is on active duty or was on active
duty at the time of his or her failure to answer, Servicer and/or its agent
will file an affidavit stating that "the defendant is in military service" or
"was in military service at the time of his or her failure to answer" prior to
seeking default judgment and attaching the most recent certificate of
service from the DMDC or a copy of the military orders.

---

[9] For the purposes of locating orders to be reviewed pursuant to Sections III.a.i and III.a.ii of this agreement, it shall
be sufficient for the Servicer to flag or code accounts upon receipt of orders and rely on that system.

iii. If Servicer initiates and pursues a waiver under a written agreement as provided in Section 517 of the SCRA, Servicer must initiate the waiver process with the servicemember at least 30 days in advance of any anticipated foreclosure sale date by sending a notice and a copy of the proposed waiver to the servicemember. To the extent Servicer exercises this right, Servicer shall utilize a notice and proposed waiver in the form attached as Exhibit 3. This provision may be modified based on changes in servicing requirements from government-sponsored entities or the Department of Housing and Urban Development.

b. Servicer shall submit current SCRA mortgage loan interest rate-related policies to DOJ for review and approval. If the Servicer decides to make a material modification to these policies, Servicer will provide the modified policies for review and approval. DOJ will advise Servicer of the results of DOJ's review within 60 days of receipt of a complete submission of all SCRA mortgage loan interest rate-related policies and any subsequent material modifications. In addition to the areas covered under Article V of the Settlement Agreement, these policies must address:

i. Servicer shall accept servicemembers' requests for reduced mortgage interest rates pursuant to the SCRA via electronic mail, facsimile, U.S. Mail, Federal Express or other overnight/express delivery to facsimile numbers and addresses designated by the Servicer. Within six months after entry of this agreement, Servicer shall also accept servicemembers' requests for reduced mortgage interest rates pursuant to the SCRA via in-

person delivery at the Servicer's full-service branch locations, should the Servicer maintain branch locations.

ii. When a servicemember requests interest rate relief under the SCRA, Servicer shall accept orders as defined in the Settlement Agreement or any other document that the DOD shall deem sufficient as a substitute for official orders.

iii. Servicer shall seek only orders identifying the beginning date of the applicable period of military service from the requesting servicemember and may not condition providing SCRA benefits on the servicemember submitting orders that include an end date.

iv. Before concluding that the SCRA permits raising the interest rate on the servicemember's loan higher than six percent, the Servicer shall access the DMDC website to determine the dates, where available, of active duty military service of those servicemembers who request reduced interest rates pursuant to the SCRA. If DMDC indicates that the individual is still on active duty, the Servicer must continue to limit the charges pursuant to Section 527 of the SCRA.

v. For those servicemembers who request a reduced interest rate pursuant to the SCRA, but are determined not to be eligible for the reduced rate, Servicer shall notify the servicemembers in writing of the reasons for the denial and that they may provide additional documentation or information to establish eligibility for the reduced interest rate.

c.  In the event that DOJ requires a change or modification pursuant to this
agreement that is in conflict with a policy required by the appropriate Federal
Banking Agency (FBA), as defined in 12 U.S.C. § 1813(q), under the Consent
Order issued against the Servicer by the FBA on April 13, 2011, and the FBA will
not consent to the change, DOJ shall meet and confer with the FBA to resolve the
conflict.  Nothing in this agreement prevents DOJ from requiring Servicer to
adopt policies that provide additional protections beyond the policies required by
the FBA.

IV.  Training and Monitoring Program

a.  Within 45 days after entry of this agreement, Servicer shall provide its proposed
training on the SCRA and this settlement to DOJ for approval.  After receiving
DOJ's approval, Servicer shall provide and require training on the SCRA and this
settlement for employees (including management officials):  (1) providing
customer service to servicemembers, (2) involved in mortgage servicing,
including adjusting interest rates for mortgage loans, or (3) with significant
involvement in the foreclosure process, within 60 days of DOJ's approval (if
already employed in such a position), or within 30 days of his or her hiring,
promotion, or transfer.  Servicer shall also obtain confirmation from third-party
vendors, law firms, and/or trustee companies involved in conducting foreclosures
that their employees who are involved in the foreclosure process have been
trained on their obligations to comply with this settlement and the SCRA.

b.  Servicer shall implement a monitoring program approved by DOJ designed to
ensure compliance with this settlement and the SCRA. At a minimum, monitoring

will include a quarterly report to be submitted to DOJ[10] within 60 days after the

end of each quarter containing an analysis of a sample of foreclosures and a

sample of mortgages where a borrower or mortgagor submitted orders seeking

protection under Section 527 of the SCRA to determine compliance with the

SCRA and this settlement.  If Servicer learns that despite the policies required by

Section III a violation of Section 521, 527 or 533 has occurred, Servicer will take

corrective action as set forth in Section II of this agreement.

V.      Term of Agreement

This agreement shall retain full force and effect for three and one-half years from

the date it is entered (the "Term").  Servicer's obligation pursuant to Section III to

submit quarterly reports and DOJ's review of the same shall continue for the six

months following the Term, after which time Servicer shall have no further

obligations under this agreement.

---

[10]  All materials required by this Order to be sent to the Department of Justice shall be sent by commercial overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 1800 G Street NW, Washington, D.C.  20006, Attn: DJ 216-16-1.

# EXHIBIT H - 1

[SCRA NOTIFICATION LETTER FOR SECTION 533 SERVICEMEMBER]


Name of Servicemember
123 Main Street
City, State    Zip code




                    Re: Loan Number [Insert]

Dear [Servicemember]:

        We write to inform you that _____ (the Bank), entered into a settlement on
_____, with the United States Department of Justice regarding alleged violations of
the Servicemembers Civil Relief Act ('SCRA'). This settlement resolves the Department of
Justice's allegations that the Bank foreclosed on properties without approval by a court when the
SCRA required that the foreclosures be approved by a court.

        In connection with this settlement, the Department of Justice identified you as a person
who may be eligible for financial compensation with respect to your loan [add loan number(s)].
Please read and carefully review the declaration attached to this letter. If it is accurate, please
sign and return to us the release and declaration attached to this letter in the enclosed postage
paid envelope. After we receive these documents, we will send you a check in the amount of
[insert amount]. This amount includes any equity remaining in your home at the time of the
foreclosure and monetary damages. In addition, the Bank will request that all major credit
bureaus remove any negative entries on your credit report resulting from the foreclosure. This
release and declaration must be returned by _____.

        You should be aware that the money you are eligible to receive may have consequences
with respect to your federal, state, or local tax liability, as well as eligibility for any public
assistance benefits you may receive. Neither the Bank nor the Department of Justice can advise
you on tax liability or any effect on public assistance benefits. You may wish to consult with a
qualified individual or organization about any possible tax or other consequences resulting from
your receipt of this payment.

        If you have any questions concerning the declaration, release or settlement or if anyone
seeks to collect a debt arising from your mortgage, please contact [Insert Independent Consultant
Name] at [Insert Contact Information including a phone number].

        We deeply appreciate your service to our country. We are committed to serving the
financial needs of our customers who serve in the military, and we regret any error that may have
occurred on your account.

Sincerely,


[Name]
[Title]

Enclosures: Release and Declaration

## <u>RELEASE</u>

In consideration for the parties' agreement to the terms of the Consent Order entered in_____ , and the Defendant's payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge all claims, arising prior to the entrance of this Order, related to the facts at issue in the litigation referenced above and related to the alleged violations of Section 533 of the Servicemembers Civil Relief Act, that I may have against the Defendant, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, and all of its past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

Executed this _____ day of _____, 20__.

_____
Signature

_____
Print Name

_____
Address

[SCRA NOTIFICATION LETTER FOR SECTION 533 CO-BORROWER]


Name of Co-borrower
123 Main Street
City, State   Zip code


                         Re: Loan Number [Insert]


Dear [Co-borrower]:

      We write to inform you that _____ (the Bank"), entered into a settlement on _____, with the Department of Justice regarding alleged violations of the Servicemembers Civil Relief Act ('SCRA').  This settlement resolves the Department of Justice's allegations that the Bank foreclosed on properties without approval by a court when the SCRA required that the foreclosures be approved by a court.

      In connection with this settlement, the Department of Justice identified you as a person who may be eligible for financial compensation with respect to your loan [add loan number(s)]. If you sign and return to us the release attached to this letter in the enclosed postage paid envelope and your co-borrower signs and returns the declaration and release that will be sent separately to your co-borrower, we will send you a check in the amount of [insert amount].  This amount represents your portion of any equity remaining in your home at the time of the foreclosure.  In addition, the Bank will request that all major credit bureaus remove any negative entries on your credit report attributable to the foreclosure.

      To receive this payment, you must return the attached release within six months of the date of receipt of this letter.  The release, if signed, releases any claim to lost equity that you may have under Section 533 of the SCRA; however, it does not release any other claim you may have under the SCRA, including Section 533, or other laws.

      You should be aware that the money you are eligible to receive may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive.  Neither the Bank nor the Department of Justice can advise you on tax liability or any effect on public assistance benefits.  You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.

      If you have any questions concerning the release or settlement or if anyone seeks to collect a debt arising from your mortgage, please contact [Insert Independent Consultant Name] at [Insert Contact Information including a phone number].

We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,

[Name]
[Title]

Enclosure: Release

## __RELEASE__

In consideration for the parties' agreement to the terms of the Consent Order entered in_____ , and the Defendant's payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge any claim under Section 533 of the Servicemembers Civil Relief Act for lost equity in the property related to the litigation referenced above and arising prior to the entrance of this Order, that I may have against the Defendant, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, and all of its past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

Executed this ____ day of _____, 20__.


_____
Signature

_____
Print Name

_____
Address

[SCRA NOTIFICATION LETTER FOR SECTION 521 SERVICEMEMBER]


Name of Servicemember
123 Main Street
City, State    Zip code



                    Re: Loan Number [Insert]



Dear [Servicemember]:

        We write to inform you that _____ (the "Bank"), entered into a settlement on
_____, with the United States Department of Justice regarding alleged violations of
the Servicemembers Civil Relief Act ("SCRA").  This settlement resolves the Department of
Justice's allegations that the Bank foreclosed on servicemembers through default court
proceedings without filing accurate affidavits notifying the court of the servicemembers' military
statuses.

        In connection with this settlement, the Department of Justice identified you as a person
who may be eligible for financial compensation with respect to your loan [add loan number(s)].
Please read and carefully review the declaration attached to this letter.  If it is accurate, please
sign and return to us the release and declaration attached to this letter in the enclosed postage
paid envelope.  After we receive these documents, we will send you a check in the amount of
[insert amount].  This amount includes your portion of any equity remaining in your home at the
time of the foreclosure and monetary damages.  In addition, the Bank will request that all major
credit bureaus remove any negative entries on your credit report resulting from the foreclosure.
This release and declaration must be returned by  _____.

        You should be aware that the money you are eligible to receive may have consequences
with respect to your federal, state, or local tax liability, as well as eligibility for any public
assistance benefits you may receive.  Neither the Bank nor the Department of Justice can advise
you on tax liability or any effect on public assistance benefits.  You may wish to consult with a
qualified individual or organization about any possible tax or other consequences resulting from
your receipt of this payment.

        If you have any questions concerning the declaration, release or settlement or if anyone
seeks to collect a debt arising from your mortgage, please contact [Insert Independent Consultant
Name] at [Insert Contact Information including a phone number].

We deeply appreciate your service to our country.  We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,

[Name]
[Title]

Enclosures: Release and Declaration

## **RELEASE**

In consideration for the parties' agreement to the terms of the Consent Order entered in_____ , and the Defendant's payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge all claims, arising prior to the entrance of this Order, related to the facts at issue in the litigation referenced above and related to the alleged violations of Section 521 of the Servicemembers Civil Relief Act, that I may have against the Defendant, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, and all of its past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

Executed this _____ day of _____, 20__.


_____
Signature

_____
Print Name

_____
Address

[SCRA NOTIFICATION LETTER FOR SECTION 521 CO-BORROWER]

Name of Co-borrower
123 Main Street
City, State    Zip code

Re: Loan Number [Insert]

Dear [Co-borrower]:

We write to inform you that _____ (the Bank"), entered into a settlement on _____, with the United States Department of Justice regarding alleged violations of the Servicemembers Civil Relief Act ("SCRA"). This settlement resolves the Department of Justice's allegations that the Bank foreclosed on servicemembers through default court proceedings without filing accurate affidavits notifying the court of the servicemembers' military statuses.

In connection with this settlement, the Department of Justice identified you as a person who may be eligible for financial compensation with respect to your loan [add loan number(s)]. If you sign and return to us the release attached to this letter in the enclosed postage paid envelope and your co-borrower signs and returns the declaration and release that will be sent separately to your co-borrower, we will send you a check in the amount of [insert amount]. This amount represents your portion of any equity remaining in your home at the time of the foreclosure. In addition, the Bank will request that all major credit bureaus remove any negative entries on your credit report attributable to the foreclosure.

To receive this payment, you must return the attached release within six months of the date of receipt of this letter. The release, if signed, releases any claim to lost equity that you may have under Section 521 of the SCRA; however, it does not release any other claim you may have under the SCRA, including Section 521, or other laws.

You should be aware that the money you are eligible to receive may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive. Neither the Bank nor the Department of Justice can advise you on tax liability or any effect on public assistance benefits. You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.

If you have any questions concerning the release or settlement or if anyone seeks to collect a debt arising from your mortgage, please contact [Insert Independent Consultant Name] at [Insert Contact Information including a phone number].

We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,

[Name]
[Title]

Enclosure: Release

## **RELEASE**

In consideration for the parties' agreement to the terms of the Consent Order entered in_____ , and the Defendant's payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge any claim under Section 521 of the Servicemembers Civil Relief Act for lost equity in the property related to the litigation referenced above and arising prior to the entrance of this Order, that I may have against the Defendant, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, and all of its past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

Executed this ____ day of _____, 20__.

_____
Signature

_____
Print Name

_____
Address

# EXHIBIT H - 2

[SCRA NOTIFICATION LETTER FOR SECTION 527 SERVICEMEMBER]


Name of Servicemember
123 Main Street
City, State    Zip code


                    Re: Loan Number [Insert]


Dear [Servicemember]:

        We write to inform you that _____ (the "Bank"), entered into a settlement on _____, with the United States Department of Justice regarding alleged violations of the Servicemembers Civil Relief Act ("SCRA").  This settlement resolves the Department of Justice's allegations that the Bank charged servicemembers interest higher than six percent on mortgage loans that the servicemembers originated prior to entering active duty, despite receiving requests for interest rate relief and orders.

        In connection with this settlement, the Department of Justice identified you as a person who may be eligible for financial compensation with respect to your loan [add loan number(s)]. Please read and carefully review the declaration attached to this letter.  If it is accurate, please sign and return to us the release and declaration attached to this letter in the enclosed postage paid envelope.  After we receive these documents, we will send you a check in the amount of [insert amount].  This amount includes any interest charges in excess of six percent and monetary damages.  In addition, the Bank will request that all major credit bureaus remove any negative entries on your credit report resulting from the higher interest rate.  This release and declaration must be returned by _____ .

        You should be aware that the money you are eligible to receive may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive.  Neither the Bank nor the Department of Justice can advise you on tax liability or any effect on public assistance benefits.  You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.

        If you have any questions concerning the declaration, release or settlement, please contact [Insert Independent Consultant Name] at [Insert Contact Information including a phone number].

        We deeply appreciate your service to our country.  We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,

[Name]
[Title]

Enclosures: Release and Declaration

## **<u>RELEASE</u>**

In consideration for the parties' agreement to the terms of the Consent Order entered in_____ , and the Defendant's payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge all claims, arising prior to the entrance of this Order, related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 527 of the Servicemembers Civil Relief Act, that I may have against the Defendant, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, and all of its past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

Executed this ____ day of _____, 20__.

_____

Signature

_____

Print Name

_____

Address

[SCRA NOTIFICATION LETTER FOR SECTION 527 CO-BORROWER]

Name of Co-borrower
123 Main Street
City, State    Zip code

                    Re: Loan Number [Insert]

Dear [Co-borrower]:

        We write to inform you that _____ ("the Bank"), entered into a settlement
on _____, with the Department of Justice regarding alleged violations of the
Servicemembers Civil Relief Act ("SCRA").  This settlement resolves the Department of
Justice's allegations that the Bank charged servicemembers interest higher than six percent on
mortgage loans that the servicemembers originated prior to entering active duty, despite
receiving requests for interest rate relief and orders.

        In connection with this settlement, the Department of Justice identified you as a person
who may be eligible for financial compensation with respect to your loan [add loan number(s)].
If you sign and return to us the release attached to this letter in the enclosed postage paid
envelope and your co-borrower signs and returns the declaration and release that will be sent
separately to your co-borrower, we will send you a check in the amount of [insert amount].  This
amount represents your portion of any interest charges in excess of six percent.  In addition, the
Bank will request that all major credit bureaus remove any negative entries on your credit report
attributable to the higher interest rate.

        To receive this payment, you must return the attached release within six months of the
date of receipt of this letter.  The release, if signed, releases any claim to the return of excess
interest that you may have under Section 527 of the SCRA; however, it does not release any
other claim you may have under the SCRA, including Section 527, or other laws.

        You should be aware that the money you are eligible to receive may have consequences
with respect to your federal, state, or local tax liability, as well as eligibility for any public
assistance benefits you may receive.  Neither the Bank nor the Department of Justice can advise
you on tax liability or any effect on public assistance benefits.  You may wish to consult with a
qualified individual or organization about any possible tax or other consequences resulting from
your receipt of this payment.

        If you have any questions concerning the release or settlement, please contact [Insert
Independent Consultant Name] at [Insert Contact Information including a phone number].

We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,

[Name]
[Title]

Enclosure: Release

## <u>RELEASE</u>

       In consideration for the parties' agreement to the terms of the Consent Order entered in_____ , and the Defendant's payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge any claim under Section 527 of the Servicemembers Civil Relief Act for the return of excess interest for my loan, _____[insert loan number], related to the litigation referenced above and arising prior to the entrance of this Order, that I may have against the Defendant, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, and all of its past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

       Executed this ____ day of _____, 20__.


_____
Signature

_____
Print Name

_____
Address

# EXHIBIT H - 3

## IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS

## WAIVER OF RIGHTS AND PROTECTIONS AFFORDED UNDER
## THE SERVICEMEMBERS CIVIL RELIEF ACT

Attached to this notice you will find a waiver of rights and protections that may be applicable to you and your dependents pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, *et seq*. (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- Upon request by the servicemember, imposes a maximum rate of interest that may be charged on debt obligations incurred by an eligible servicemember before the servicemember began his or her current military service.
- May restrict or prohibit the sale, foreclosure, or seizure of real estate pursuant to a pre-service debt obligation, except where the lender has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- May prohibit a landlord or lender from evicting a servicemember or the servicemember's dependents from his/her residence, except where the lender has obtained a valid court order approving the eviction.
- May, in a court action, give the servicemember the right to postpone the case under certain conditions.
- May, in a court action, give the servicemember the right to have the terms of the mortgage obligation adjusted under certain conditions.

[Judicial State / Non-Judicial State Paragraph - Insert Applicable Paragraph]

[Judicial State]  If you choose to sign the waiver, the bank will have the option to proceed with a foreclosure, sale and eviction without the protections of the SCRA.  If you do not sign this waiver, the Bank will be required to provide you the protections of the SCRA. You may be able to seek a postponement of any foreclosure or eviction action, and, in the case of foreclosure, an adjustment of the mortgage obligation.  Additionally, the court should take steps to ensure that a judgment is not entered against you if you are unable to appear.

[Non-Judicial State]  If you choose to sign the waiver, the bank will have the option to proceed with a foreclosure, sale and eviction without going to court.  If you do not sign this waiver, the bank will be required to obtain a court order in order to foreclose (if you incurred your debt before you went into military service) or to evict you from your home.  You may be able to seek a postponement of any foreclosure or eviction action, and, in the case of foreclosure, an adjustment of the mortgage obligation.  Additionally, the court should take steps to ensure that a judgment is not entered against you if you are unable to appear.

**Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by the bank.**

As an alternative to foreclosure, the bank may offer its borrowers the options of pursuing a short sale of their property or executing a deed in lieu of foreclosure.  Borrowers in default may find

these options to be preferable to foreclosure.  Any negotiation for a short sale or deed in lieu of foreclosure is not a threat of current or future litigation, and should not be considered as such.

**For More Information:**

- CONSULT AN ATTORNEY:  To fully understand your rights under the law, and before waiving your rights, you should consult an attorney.
- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php
- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource.  Go to www.militaryonesource.com

## WAIVER OF RIGHTS UNDER
## SERVICEMEMBERS CIVIL RELIEF ACT

I _____(NAME)_____ am a [servicemember] [dependent of _____(NAME)_____, a servicemember], and I am aware that I have protections available to me under the Servicemembers Civil Relief Act (SCRA).  This includes, but is not limited to, legal rights relating to the property securing my mortgage loan, including protection against a sale, foreclosure, seizure, eviction or unlawful detainer action related to the property listed below.

[ADDRESS OF PROPERTY]

I acknowledge that:

- By signing this waiver, I am waiving the SCRA protections related to the property listed above, including any protections against a sale, foreclosure, seizure, eviction or unlawful detainer action, as well as relating to the right of redemption.

- This waiver applies to any form of proceeding or transaction through which someone else receives ownership and/or possession of the property securing my loan, including a foreclosure short sale, deed-in-lieu of foreclosure, cash-for-keys, etc.  This waiver applies not only to any such proceedings or transactions that are in process at the time I sign this waiver, but also to proceedings or transactions that are started after I sign this waiver.

- The above described property secures my mortgage loan, account number: _____.

- In exchange for waiving my SCRA rights with respect to this property, the Bank has agreed to provide _____ (insert one - a short sale, cash for keys agreement, deed-in-lieu of foreclosure, or other valuable consideration).  This waiver does not become effective until _____ (insert item listed above) is executed and completed.  If for any reason, the _____ (insert item listed above) is not executed and completed, this waiver shall become null and void.

Subject to the above provisions, I hereby waive and give up the right to these protections under the SCRA with respect to the above listed property and any right I may have had to a stay of proceedings or adjustment of the mortgage obligation in a foreclosure action.


_____          Date:_____
        (Signature)


_____
        Printed Name

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | The Honorable Paul G. Gardephe, *Judge Presiding.* |
| CITIMORTGAGE, INC., | ) ) | Case No. 1:11-cv-04718-PGG |
| Defendant. | ) ) ) ) | |

## [PROPOSED] FINAL APPROVAL ORDER

This matter coming to be heard pursuant to a motion for Final Approval of the proposed Settlement, a hearing on the fairness of the proposed Settlement having been held, at which objectors to the Settlement could appear or be heard, and the Court being fully advised in the premises, the Court hereby finds and orders that:

1.      On _____, 201_, this Court entered an order preliminarily approving a Settlement between Plaintiff Jorge Rodriguez ("Plaintiff") and Defendant CitiMortgage, Inc. ("Defendant").   This order preliminarily approved the Settlement, provisionally certified a Settlement Class, approved a form of Class Notice (as specified in the Settlement Agreement, which is hereby incorporated by reference in this Order as if fully set forth herein[1]), authorized the mailing of the Class Notice upon completion of the DOJ SCRA Foreclosure Review Process, and ruled that the Class Notice complies with the terms of the Settlement Agreement and due process.

---

[1]   First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2.      The Court later scheduled a fairness hearing, or Final Approval Hearing, for _____, 2013, and directed the Parties to notify eligible members of the Settlement Class of this Final Approval Hearing date as part of the Class Notice.

3.      The Court finds that Defendant, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, caused notice of the Settlement to be timely mailed by _____, 2013 to all eligible Settlement Class members identified on the Class List.  Any notices returned as undeliverable with forwarding addresses were re-mailed to those forwarding addresses within 20 days of receipt of the forwarding addresses, as required by the Settlement Agreement.   Any notices returned as undeliverable without forwarding addresses were subject to reasonable address tracing, and Class Notices were re-mailed within 30 days of the date on which the Class Notices were initially mailed.

4.      No persons filed requests to be excluded from the Settlement Class.

5.      On _____, the Court held a Final Approval Hearing to which all Class Members, including those with objections, were invited.  The Court received no objections from any Class Members, and no Class Members or their separate counsel appeared at the Final Approval Hearing.  Class Counsel and Counsel for Defendant appeared at the Final Approval Hearing.

6.      The Court, being fully advised and having afforded Class Members an opportunity to object, hereby finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Class Notice sent to Class Members satisfies the requirements of Rule 23 and due process, and the Parties have fully complied with the Preliminary Approval Order.

2

FINAL APPROVAL ORDER

7.     The Court finds that the Notice given provided the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members of the Settlement Class.  Under these circumstances, it is fair and reasonable to make the Agreement and its release of claims binding on all Class Members whether or not they actually received notice of this action and the proposed Settlement. The Court finds that the Settlement and the Court's granting of the Final Approval Order and Judgment of Dismissal is binding on all Settlement Class Members, whether or not they received actual notice of the Settlement, the Final Approval Order, or the Judgment of Dismissal.

8.     The Court finds the Settlement Agreement to be fair and made in good faith. Further, the Court finds that there has been no collusion between the parties in reaching the Settlement Agreement.

9.     The Court hereby finds that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class.  The Court approves the Settlement Agreement submitted by the Parties and orders the Parties to perform their obligations pursuant to the Settlement Agreement.

10.    The Court finds that for purposes of the Settlement the requirements for certification of a Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure are satisfied.  The Court finds that (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of fact or law common to the class; (iii) such common questions predominate over questions affecting only individual members; (iv) the claims of the Class Representative are typical of the claims of the Class; (v) the proposed representative will fairly and adequately protect the interests of the Class; and (vi) a class action is a superior method for the fair and efficient adjudication of the controversy.

3

FINAL APPROVAL ORDER

11.     The Settlement Class as defined in the Settlement Agreement and the Preliminary Approval Order is adjudged a final and permanent class for purposes of this Action, as well as for the Final Approval Order and Judgment of Dismissal.

12.     Payment to Class Counsel in the amount of $_____ for Attorney's Fees, costs, and expenses incurred in prosecution of this Action is hereby approved as reasonable compensation for Class Counsel's work, which has resulted in a substantial benefit to the Settlement Class and created Settlement Benefits that will be provided to Settlement Class Members in accordance with the terms of the Agreement.  No other Attorney's Fees, expenses or costs shall be paid by Defendant.

13.     A payment in the amount of $_____ to the named Plaintiff Jorge Rodriguez in settlement of his claims and in recognition of his services as Class Representative is approved as fair and reasonable.  Plaintiff shall not be entitled to any other payment under the Agreement.

14.     All Class Members are bound by this Final Approval Order and the Judgment of Dismissal.  They are further bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in paragraph L of the Settlement Agreement.

15.     Plaintiff and all Settlement Class Members (as defined in the Settlement Agreement) hereby release Defendant, and all Released Parties from all Released Claims as defined in paragraph L of the Settlement Agreement.

16.      A Judgment of Dismissal in the form attached hereto shall be entered herewith and shall dismiss this Action with prejudice and without costs (other than what has been provided for in the Agreement).  By this Judgment of Dismissal, the Court dismisses the claims of Plaintiff and the Settlement Class Members against Defendant and the Released Parties with prejudice and without costs.

FINAL APPROVAL ORDER

17.     Notice of entry of this Order and the ensuing Judgment of Dismissal has been given to Class Counsel on behalf of the Settlement Class.  It shall not be necessary to send notice of entry of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

18.     Plaintiff and all Settlement Class Members are permanently enjoined and barred from commencing, prosecuting, or continuing any action asserting any of the Released Claims, as described in paragraph L of the Settlement Agreement, against Defendant or any Released Parties, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity who knowingly violates such injunction shall pay the costs and attorney's fees incurred by Defendant, Plaintiff, and/or other Released Parties as a result of the violation.

19.     After entry of the Judgment of Dismissal, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and adjudicate any disputes arising from the disbursement of Settlement Benefits.

20.     In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement

5

FINAL APPROVAL ORDER

Agreement, Final Approval Order, and Judgment of Dismissal are upheld on appeal in all material respects, then the Settlement Agreement, Final Approval Order, and Judgment of Dismissal shall be given full force and effect.  In the event of (i) or (ii) in this Paragraph 20, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

21.     Neither the Settlement Agreement, this Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and the Judgment of Dismissal), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

DATE: _____       ENTERED: _____
                                        Honorable Paul G. Gardephe

FINAL APPROVAL ORDER

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable Paul G. Gardephe, |
| v. | ) | *Judge Presiding.* |
| | ) | |
| CITIMORTGAGE, INC., | ) | Case No. 1:11-cv-04718-PGG |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## JUDGMENT OF DISMISSAL

Defendant CitiMortgage, Inc. ("Defendant"), having settled with the Settlement Class and the Court having entered its Order granting Final Approval of Settlement and directing entry of judgment of dismissal,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that

1.     All claims of all members of the Settlement Class against Defendant, as defined in this Court's Final Approval Order, are dismissed with prejudice.

2.     All claims of Plaintiff Jorge Rodriguez against Defendant are dismissed with prejudice.

3.     Notwithstanding the dismissal of claims in the preceding paragraphs, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and to adjudicate any disputes arising from the disbursement of settlement benefits.

4.      All members of the Settlement Class, as defined in this Court's Final Approval Order and Preliminary Approval Order, are bound by the Release of Claims set forth in the parties' Settlement Agreement and are hereby permanently enjoined and restrained from filing or prosecuting any Released Claim against any Released Party as those terms are defined in the Parties' Settlement Agreement.


Dated:_____                           _____

                                                                      Honorable Paul G. Gardephe

FINAL APPROVAL ORDER

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | The Honorable Paul G. Gardephe, *Judge Presiding.* |
| CITIMORTGAGE, INC., | ) ) | Case No. 1:11-cv-04718-PGG |
| Defendant. | ) ) ) | |

---

**JUDGMENT OF DISMISSAL**

Defendant CitiMortgage, Inc. ("Defendant"), having settled with the Settlement Class and the Court having entered its Order granting Final Approval of Settlement and directing entry of judgment of dismissal,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that

1.     All claims of all members of the Settlement Class against Defendant, as defined in this Court's Final Approval Order, are dismissed with prejudice.

2.     All claims of Plaintiff Jorge Rodriguez against Defendant are dismissed with prejudice.

3.     Notwithstanding the dismissal of claims in the preceding paragraphs, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and to adjudicate any disputes arising from the disbursement of settlement benefits.

4.     All members of the Settlement Class, as defined in this Court's Final Approval

Order and Preliminary Approval Order, are bound by the Release of Claims set forth in the

parties' Settlement Agreement and are hereby permanently enjoined and restrained from filing or

prosecuting any Released Claim against any Released Party as those terms are defined in the

Parties' Settlement Agreement.


Dated:_____                    _____
                                            Honorable Paul G. Gardephe

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | The Honorable Paul G. Gardephe, |
| v. | ) ) | *Judge Presiding.* |
| CITIMORTGAGE, INC., | ) ) | Case No. 1:11-cv-04718-PGG |
| Defendant. | ) ) | |

## <u>ORDER  PRELIMINARILY APPROVING SETTLEMENT</u>

This matter coming before the Court upon the Motion of Plaintiff Jorge Rodriguez, individually and on behalf of a class of persons, for Preliminary Approval of a Class Action Settlement Agreement and Release executed on December 19, 2012 the "Settlement Agreement").  No party opposes the relief now sought.

 IT IS HEREBY DETERMINED AND ORDERED AS FOLLOWS:

1. The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein.  First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible settlement suitable for final judicial approval,

1

subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3.     The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4.     Subject to the Agreement, and for purposes only of the settlement of this Action, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All current or former members of the United States Armed Forces with Eligible Loans, as defined by the Settlement Agreement, whose real property securing the Eligible Loan was sold at a completed foreclosure sale by CitiMortgage, Inc. on or after January 1, 2006 through June 30, 2012 where (i) the mortgage securing the loan on the property originated before the Servicemember's Military Service; (ii) the sale occurred during the Servicemember's period of active duty military service and/or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale or occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Paragraph A.5 of the Settlement Agreement.

5.     The named plaintiff Jorge Rodriguez is designated as Class Representative of the Settlement Class.

6.     Plaintiff's counsel, the law firms of Bursor & Fisher, P.A., Carlson Lynch, Ltd., and Faruqi & Faruqi, LLP are appointed as Class Counsel.

7.     A Final Approval Hearing shall be held on a date to be determined before the undersigned in Courtroom 6B of the United States District Court for the Southern District of New York, in New York, New York.  Within two business days after final completion of the DOJ SCRA Foreclosure Review Process, as specified in Paragraph F.3 of the Settlement

2

PRELIMINARY APPROVAL ORDER

Agreement, counsel for the parties shall jointly call the Court's Courtroom Deputy Clerk to obtain the date and time for the Final Approval Hearing, which date and time shall then be set forth in the form of Class Notice attached hereto as Exhibit A.  The purpose of the Final Approval Hearing will be to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to Plaintiff Jorge Rodriguez and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the Release set forth in paragraph L of the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members of otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorney's fees and costs to be awarded to Class Counsel.   The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8.     The Court approves the proposed form of Class Notice attached to the Settlement Agreement as Exhibit E (attached hereto as Exhibit A).  Pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the approved Class Notice to be mailed to each person identified on the Class List by no later than five (5) days after receipt of the Class List. The Class Notice shall be mailed to the address of record on Defendant's mortgage loan records for the members of the Settlement Class, as such address is reflected on the Class List, updated by a national change of address service.  Class Notice shall be sent via first class mail.  Counsel for Defendant shall have the discretion to format the Class Notice before mailing.  All expenses

3

PRELIMINARY APPROVAL ORDER

of notice shall be paid by Defendant.

9.      In the event Class Notice is returned undeliverable with no forwarding address, reasonable address traces shall be performed for all Class Notices that are returned as undeliverable.  As to Settlement Class Members for whom new addresses were identified as of such time, Defendant shall re-mail the class notice no later than thirty (30) days after the initial date on which Class Notices were mailed.  For those returned undeliverable with a forwarding address as of such time, Defendant shall re-mail the Class Notice to the indicated forwarding address no later than twenty (20) days of receipt of the forwarding address.  Defendant shall have no further obligation to re-mail Class Notice to any Class Member.

10.     The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved.  The Court further finds that no notice other than that identified in the Settlement Agreement is necessary in this Action.

11.     A Class Member who wishes to receive a Settlement Benefit need only remain a Class Member and not opt-out of the Settlement Class.

12.     All Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice.  Such request for exclusion must be postmarked on or before 35 days after the Class Notice is initially mailed by Defendant, and the specific date of the opt-out deadline shall be set forth in the Class Notice.  For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) to the address set forth in the Class Notice and it must (i) state the Class Member's full name, address, and Eligible

4

PRELIMINARY APPROVAL ORDER

Loan number for which exclusion is being requested; (ii) be signed by all borrowers on the Eligible Loan; and (iii) state the Class Member's intent to be excluded from the Settlement Class by including the following statement:  "I/we request to be excluded from the class settlement in Rodriguez v. CitiMortgage, Inc., Case No. 1:11-cv-04718-PGG (S.D.N.Y.)."   A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not postmarked on or before the date specified, shall be invalid and the person(s) serving such a request shall be bound as a Class Member and by the Agreement, if the Agreement is finally approved.  No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative.  Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member or members of the Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes.

13.     Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

14.     Any Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendant, no later than 35 days after the Class Notice is initially mailed by Defendant.  The specific date of the objection deadline shall be set forth in the Class Notice.  To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and Eligible Loan number; (ii) contain the signature of

PRELIMINARY APPROVAL ORDER

all borrowers on the Eligible Loan; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position.  Any Class Member who wishes to object and appear at the Final Approval Hearing in person instead of submitting only written objections must also file a notice of intention to appear with the Clerk of the Court, and mail and serve the notice on Class Counsel and Counsel for Defendant, by the date specified herein.  Any Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

15.     The Parties may file memoranda in support of the Settlement, and Plaintiff's Counsel may file a motion or application for an award of Attorney's Fees and Costs and/or award of a payment to Plaintiff, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed no later than 10 days prior to the date set for the Final Approval Hearing.

16.     Defendant shall comply with, and file proof of compliance with, the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), in accordance with the provisions of that statute.  Notice of compliance shall be submitted to the Court no later than 10 days prior to the date set for the Final Approval Hearing.

17.     The Parties are hereby authorized to establish the means necessary to administer the Settlement.

18.     All proceedings in this Action, including status conferences, other than such as

6

PRELIMINARY APPROVAL ORDER

may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

19.    If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated.  In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.  This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any claims or defenses it may have.

20.    Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by Defendant, which vigorously denies all of the claims and allegations raised in the Action.

21.    The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendant and without future notice to the Class Members.

22.    All Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other

7

PRELIMINARY APPROVAL ORDER

proceeding against Defendant that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims as embodied in paragraph L of the Settlement Agreement; and (ii) organizing or soliciting Class Members or those who Opt-Out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or those who Opt-Out that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims, as embodied in paragraph L of the Settlement Agreement.

23.    Except as set forth in this Order and the Settlement Agreement, no person or entity, including but not limited to Class Counsel, Counsel for Defendant, Plaintiff Jorge Rodriguez, and Defendant, shall be permitted to initiate communications with Class Members, whether by written correspondence, notices, advertisements, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for Defendant.

IT IS SO ORDERED.


DATE: _____, 201_        ENTERED: _____
                                         Honorable Paul G. Gardephe

8

PRELIMINARY APPROVAL ORDER

**EXHIBIT E**

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

### Jorge Rodriguez, et. al.  v. CitiMortgage, Inc., et. al.,
### United States District Court for the Southern District of New York, Case No. 11-CIV-4718

### THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.

This Notice is being sent to you because you have or had a home mortgage loan serviced by CitiMortgage, Inc. ("Citi"), the property securing your loan was previously sold by Citi at a completed foreclosure sale between January 1, 2006 and June 30, 2012, and you have been deemed eligible for certain benefits pursuant to a settlement between Citi and the United States Department of Justice ("DOJ Settlement") and a related, proposed settlement (the "Settlement") of a class action lawsuit (the "Action"). This Notice explains the nature of the Action, the DOJ Settlement, and the terms of the Settlement, and it informs you of your legal rights and obligations.

## I.  THE SUBJECT OF THIS LAWSUIT

Plaintiff Jorge Rodriguez ("Plaintiff") filed the Action in the United States District Court for the Southern District of New York against Citi on behalf of himself and on behalf of similarly situated mortgage loan borrowers whose properties were sold by Citi at a completed foreclosure sale, allegedly without prior court approval or a written waiver of rights as provided for in the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 521, 533.  Citi denies Plaintiff's claims and contends that it has not acted in an unlawful manner.  The Court has not ruled on the merits of Plaintiff's claims and the Court has made no determination of wrongdoing or liability against Citi or in favor of Plaintiff.  By settling this lawsuit, Citi is not admitting any allegations of wrongdoing.

The Court has preliminarily approved a settlement of this Action and provisionally certified a Class (the "Settlement Class").  The Settlement Class is defined to include those current and former members of the Unites States Armed Forces with Eligible Loans as defined by the Settlement Agreement, who, between January 1, 2006 and June 30, 2012 had (i) a mortgage securing the loan on their property that originated before their military service; (ii) the foreclosure sale occurred during their period of active duty military service or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA. Persons meeting this definition are referred to herein as "Class Members" or the "Settlement Class Members."

## II.  BENEFITS UNDER THE PROPOSED SETTLEMENT

Subject to Court Approval, Plaintiff and Citi have agreed to the proposed Settlement described below.  If you do not wish to be part of the Settlement, you must opt out.

**Payment to Settlement Class Members**:  Under the terms of the proposed Settlement and the related DOJ Settlement, each member of the Settlement Class may be eligible to receive a monetary payment ("Settlement Benefit") in accordance with the terms of the DOJ Settlement. Your specific Settlement Benefit that you may be eligible to receive will be the monetary benefits to which you are determined eligible under the SCRA foreclosure relief provisions of the DOJ Settlement.  The amount of your Settlement Benefit will be determined by the United States Department of Justice in accordance with the terms of the DOJ Settlement or as otherwise set forth in the Settlement Agreement and will be set

1

forth in a separate letter that Citi will send to you. The specific Settlement Benefit to which you may be entitled under the DOJ Settlement will be comprised of the following potential monetary benefits: (1) the amount of lost equity, if any, on the foreclosed property, including payment of interest on such lost equity, as determined in accordance with the DOJ Settlement; and/or (2) an additional monetary damages payment in the amount of approximately **one hundred and sixteen thousand and seven hundred and eighty-five dollars ($116,785.00), or possibly a higher amount,** as determined in accordance with the DOJ Settlement and the Settlement Agreement and less any applicable reductions, adjustments or deductions as provided for in the Settlement Agreement. The letter you receive from Citi will provide you with the specific dollar figure of the monetary Settlement Benefit which you may be eligible to receive under the DOJ Settlement. As explained in Section III below, the letter you receive from Citi pursuant to the DOJ Settlement may include a "release" that you must execute and return in order to receive any available Settlement Benefit. Any amounts previously paid to you or due to be paid to you under a related consent order with the Office of Comptroller of Currency (the "OCC Consent Order", as defined in the Settlement Agreement) or otherwise in accordance with the DOJ Settlement will constitute payment under this Settlement and will be credited against and reduce, disallow, or otherwise adjust the Settlement Benefit accordingly, as set forth in the Settlement Agreement. No double recoveries will be allowed.

**Attorney's Fees, Rodriguez Payment and Other Costs**: For their efforts in prosecuting this action on a contingency basis without any guarantee of success, Class Counsel will seek attorneys' fees and expenses, not to exceed three million, five hundred and twenty-five thousand dollars ($3,525,000.00), and a payment to Plaintiff not to exceed one hundred and sixty-six thousand and seven hundred and eighty-five dollars ($166,785.00), each of which Citi has agreed not to oppose. The amount of attorneys' fees and expenses that Class Counsel will receive and the payment that Rodriguez will receive will be determined by the Court and will not be deducted from the Settlement Benefit available to each Settlement Class Member. In addition, Citi has agreed to pay the costs of notice and settlement administration. These amounts also will be separately paid by Citi and will not be deducted from the Settlement Benefit available to each Settlement Class Member.

## III. RELEASE OF CLAIMS AND DISMISSAL OF ACTION

Unless you exclude yourself from the Settlement by affirmatively opting out of the Settlement in accordance with Section V ("Your Options") below, you will be part of the Settlement Class. By staying in the Settlement Class, all of the Court's orders will apply to you and you will give Defendant a "release". The letter you will subsequently receive from Citi may also include a "release" that you must execute and return in order to receive the Settlement Benefit (for which you may be eligible, subject to any applicable credits, reductions or other adjustments as provided in the Settlement Agreement). A release means you cannot sue or be part of any other future lawsuit or legal proceeding against Citi about the claims or issues asserted in the Action, including that arise out of or are related to: (i) the sale or foreclosure of your property without a prior court order or written waiver; (ii) any violation of Sections 521 or 533 of the SCRA, or of comparable state law provisions, with respect to your foreclosed property and loan; or (iii) any or all of the acts, omissions, facts, matters, transactions, occurrences, or claims that were alleged, asserted, described, set forth or referred to in the Action and/or any Complaint, motion, brief or order filed therein. The full details of this Release also are set forth in Paragraph L of the Settlement Agreement. Any co-borrowers on your mortgage loan similarly will be required to execute a release for you to be eligible to receive any available Settlement Benefit.

Subject to Court approval, the Action will be dismissed with prejudice and the Action shall be fully and finally settled as to Plaintiff and all members of the Settlement Class. As provided for in the Settlement Agreement, Settlement Class Members will be forever barred from seeking further relief on any of the claims released under the Settlement.

2

## IV.  FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement.  The hearing will take place on _____ **at** _____ **a.m. before United States District Judge Paul G. Gardephe at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 6B, New York, NY 10007-1312.**  YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

## V.  YOUR OPTIONS

1. **Receive The Monetary Benefit.**  If you want to receive the Settlement Benefit for which you may be eligible pursuant to the Settlement, you must not opt- out of the class and you must sign and return any release that may accompany the letter you receive from Citi describing your specific Settlement Benefit.  Within 21 days after receipt of your (and, if applicable, your co-borrower's) release in the form attached to the letter, Citi will mail you a check for the amount, if any, of your available Settlement Benefit (less any applicable credits, reductions or other adjustments as provided in the Settlement Agreement). Any person who properly excludes themselves (opts-out) from the Settlement in the manner provided in V.2 below will not be entitled to any benefits provided by this Settlement.

Please notify Citi of any change in your address by providing written notification of your new address to **[INSERT PO Box]** by no later than **[Insert date certain]**. In order to verify identity, please also provide a copy of your valid driver's license or state identification card.

2. **Opt-Out**.  You have the right to exclude yourself ("Opt-Out") from both the Action and the Settlement by mailing a written and signed request for exclusion to the address listed below.  **The signed request for exclusion or Opt-Out must be postmarked on or before _____, 2013,** and must include the full name, address and loan number(s) of the person(s) requesting exclusion and must be signed by all borrowers for the mortgage loan on the property that was sold by Citi at a completed foreclosure sale.  You and any other co-borrower on that loan must sign the Opt-Out and unequivocally state your intent to be excluded from the Settlement by including the following statement: "I/we request to be excluded from the class settlement in Rodriguez v. CitiMortgage, Inc., Case No. 11-CIV-4718 (S.D.N.Y.)."  If you choose this option, you will be excluded from the Settlement Class and will not be bound by, or receive benefits under, the Settlement.  Opting out of the Settlement does not preclude you from participating in and receiving the benefits provided for in the DOJ Settlement.  **Opt-Out requests that do not comply with all these requirements or any other applicable requirement of the Settlement Agreement, that are sent to an address other than the address designated herein, or that are postmarked after _____ 2013, will not be valid and such Class Members will be bound by all of the terms of the Settlement, including the Release.  To be timely, requests for exclusion must be postmarked and mailed to: [INSERT PO BOX], on or before _____, 2013.**  Class Members who exclude themselves from the Settlement have no right to file or present an objection and will not be entitled to any benefits provided by this Settlement.

3. **Object.**  If you object to the Settlement, have not opted out from the Settlement in accordance with its terms, and wish to submit an objection, you must submit such an objection in writing, stating the grounds and reasons therefore, and file it with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, Room 120, New York, NY 10007.  **The objection must be RECEIVED by the Clerk of the Court on or before _____, 2013**.  Your objection must refer

3

to the name and number of the case.  You must also mail and serve copies of your objection by the same date on the following attorneys for the Class and for Citi:  Class Counsel is Scott A. Bursor, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Counsel to Citi is Lucia Nale, Mayer Brown LLP., 71 South Wacker Drive, Chicago, IL 60606.  To be considered valid, any objection must be filed and served by the deadline above, must include your full name, address, telephone number and loan number(s) of the person(s) requesting exclusion, and must be signed by all borrowers for each Mortgage Loan.  You must state that you object to the Settlement and provide a statement of the legal and factual reasons why you object to the Settlement including why you believe that the Court should find that the proposed Settlement is not in the best interests of the Class.  You must also provide copies of any documents that you wish to submit in support of your position.  Please note that it is not sufficient to simply state that you object.  You must state reasons why the Settlement should not be approved.

You do **NOT** need to appear at the fairness hearing in order to object.  However, should you remain in the Class and wish to attend the hearing and object in person, you, or your designated counsel, must also file a notice of intention to appear with the Clerk of the District Court, and mail and serve the notice on Class Counsel and Counsel for Citi postmarked and mailed no later than _____, 2013.  You may enter an appearance in this case through an attorney if you so desire.

Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action.

## VI.  EXAMINATION OF PAPERS

**DO NOT CONTACT THE COURT, CITI, OR THE JUDGE REGARDING THIS NOTICE OR CASE.**

This description of the case is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file, including a copy of the Settlement Agreement, you should visit the office of the Clerk of the United States District Court for the Southern District of New York, **500 Pearl Street, Room 120, New York, NY 10007**.  The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.


Dated _____, 2013
Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

4