USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/13

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE RODRIGUEZ, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) The Honorable Paul G. Gardephe,<br>) *Judge Presiding.*<br>) |
| CITIMORTGAGE, INC., | ) Case No. 1:11-cv-04718-PGG<br>) |
| Defendant. | ) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

This matter coming before the Court upon the Motion of Plaintiff Jorge Rodriguez, individually and on behalf of a class of persons, for Preliminary Approval of a Class Action Settlement Agreement and Release executed on December 19, 2012 the "Settlement Agreement"). No party opposes the relief now sought.

IT IS HEREBY DETERMINED AND ORDERED AS FOLLOWS:

1.   The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2.   Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible settlement suitable for final judicial approval,

1

PRELIMINARY APPROVAL ORDER

subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3. The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4. Subject to the Agreement, and for purposes only of the settlement of this Action, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All current or former members of the United States Armed Forces with Eligible Loans, as defined by the Settlement Agreement, whose real property securing the Eligible Loan was sold at a completed foreclosure sale by CitiMortgage, Inc. on or after January 1, 2006 through June 30, 2012 where (i) the mortgage securing the loan on the property originated before the Servicemember's Military Service; (ii) the sale occurred during the Servicemember's period of active duty military service and/or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale or occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Paragraph A.5 of the Settlement Agreement.

5. The named plaintiff Jorge Rodriguez is designated as Class Representative of the Settlement Class.

6. Plaintiff's counsel, the law firms of Bursor & Fisher, P.A., Carlson Lynch, Ltd., and Faruqi & Faruqi, LLP are appointed as Class Counsel.

7. A Final Approval Hearing shall be held on a date to be determined before the undersigned in Courtroom 6B of the United States District Court for the Southern District of New York, in New York, New York. Within two business days after final completion of the DOJ SCRA Foreclosure Review Process, as specified in Paragraph F.3 of the Settlement

2

PRELIMINARY APPROVAL ORDER

Agreement, counsel for the parties shall jointly call the Court's Courtroom Deputy Clerk to obtain the date and time for the Final Approval Hearing, which date and time shall then be set forth in the form of Class Notice attached hereto as Exhibit A. The purpose of the Final Approval Hearing will be to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to Plaintiff Jorge Rodriguez and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Class Members should be bound by the Release set forth in paragraph L of the Settlement Agreement; (d) whether Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members of otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorney's fees and costs to be awarded to Class Counsel. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8. The Court approves the proposed form of Class Notice attached to the Settlement Agreement as Exhibit E (attached hereto as Exhibit A). Pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the approved Class Notice to be mailed to each person identified on the Class List by no later than five (5) days after receipt of the Class List. The Class Notice shall be mailed to the address of record on Defendant's mortgage loan records for the members of the Settlement Class, as such address is reflected on the Class List, updated by a national change of address service. Class Notice shall be sent via first class mail. Counsel for Defendant shall have the discretion to format the Class Notice before mailing. All expenses

of notice shall be paid by Defendant.

9.  In the event Class Notice is returned undeliverable with no forwarding address, reasonable address traces shall be performed for all Class Notices that are returned as undeliverable. As to Settlement Class Members for whom new addresses were identified as of such time, Defendant shall re-mail the class notice no later than thirty (30) days after the initial date on which Class Notices were mailed. For those returned undeliverable with a forwarding address as of such time, Defendant shall re-mail the Class Notice to the indicated forwarding address no later than twenty (20) days of receipt of the forwarding address. Defendant shall have no further obligation to re-mail Class Notice to any Class Member.

10.  The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved. The Court further finds that no notice other than that identified in the Settlement Agreement is necessary in this Action.

11.  A Class Member who wishes to receive a Settlement Benefit need only remain a Class Member and not opt-out of the Settlement Class.

12.  All Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked on or before 35 days after the Class Notice is initially mailed by Defendant, and the specific date of the opt-out deadline shall be set forth in the Class Notice. For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the postmark deadline) to the address set forth in the Class Notice and it must (i) state the Class Member's full name, address, and Eligible

Loan number for which exclusion is being requested; (ii) be signed by all borrowers on the Eligible Loan; and (iii) state the Class Member's intent to be excluded from the Settlement Class by including the following statement: "I/we request to be excluded from the class settlement in <u>Rodriguez v. CitiMortgage, Inc.</u>, Case No. 1:11-cv-04718-PGG (S.D.N.Y.)." A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not postmarked on or before the date specified, shall be invalid and the person(s) serving such a request shall be bound as a Class Member and by the Agreement, if the Agreement is finally approved. No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported opt-out shall be a member or members of the Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes.

13. Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

14. Any Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendant, no later than 35 days after the Class Notice is initially mailed by Defendant. The specific date of the objection deadline shall be set forth in the Class Notice. To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) set forth the Class Member's full name, current address, telephone number, and Eligible Loan number; (ii) contain the signature of

all borrowers on the Eligible Loan; (iii) state that the Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual bases for the objection; and (v) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who wishes to object and appear at the Final Approval Hearing in person instead of submitting only written objections must also file a notice of intention to appear with the Clerk of the Court, and mail and serve the notice on Class Counsel and Counsel for Defendant, by the date specified herein. Any Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

15. The Parties may file memoranda in support of the Settlement, and Plaintiff's Counsel may file a motion or application for an award of Attorney's Fees and Costs and/or award of a payment to Plaintiff, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed no later than 10 days prior to the date set for the Final Approval Hearing.

16. Defendant shall comply with, and file proof of compliance with, the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than 10 days prior to the date set for the Final Approval Hearing.

17. The Parties are hereby authorized to establish the means necessary to administer the Settlement.

18. All proceedings in this Action, including status conferences, other than such as

may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

19. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any claims or defenses it may have.

20. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation of law by Defendant, which vigorously denies all of the claims and allegations raised in the Action.

21. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Defendant and without future notice to the Class Members.

22. All Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other

proceeding against Defendant that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims as embodied in paragraph L of the Settlement Agreement; and (ii) organizing or soliciting Class Members or those who Opt-Out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or those who Opt-Out that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Action, and/or (b) are within the scope of the Released Claims, as embodied in paragraph L of the Settlement Agreement.

23.   Except as set forth in this Order and the Settlement Agreement, no person or entity, including but not limited to Class Counsel, Counsel for Defendant, Plaintiff Jorge Rodriguez, and Defendant, shall be permitted to initiate communications with Class Members, whether by written correspondence, notices, advertisements, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for Defendant.

IT IS SO ORDERED.

DATE: Jan 16, 2013          ENTERED: _____
                                     Honorable Paul G. Gardephe

<u>**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**</u>

**Jorge Rodriguez, et. al. v. CitiMortgage, Inc., et. al.,
United States District Court for the Southern District of New York, Case No. 11-CIV-4718**

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

This Notice is being sent to you because you have or had a home mortgage loan serviced by CitiMortgage, Inc. ("Citi"), the property securing your loan was previously sold by Citi at a completed foreclosure sale between January 1, 2006 and June 30, 2012, and you have been deemed eligible for certain benefits pursuant to a settlement between Citi and the United States Department of Justice ("DOJ Settlement") and a related, proposed settlement (the "Settlement") of a class action lawsuit (the "Action"). This Notice explains the nature of the Action, the DOJ Settlement, and the terms of the Settlement, and it informs you of your legal rights and obligations.

## I. THE SUBJECT OF THIS LAWSUIT

Plaintiff Jorge Rodriguez ("Plaintiff") filed the Action in the United States District Court for the Southern District of New York against Citi on behalf of himself and on behalf of similarly situated mortgage loan borrowers whose properties were sold by Citi at a completed foreclosure sale, allegedly without prior court approval or a written waiver of rights as provided for in the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 521, 533. Citi denies Plaintiff's claims and contends that it has not acted in an unlawful manner. The Court has not ruled on the merits of Plaintiff's claims and the Court has made no determination of wrongdoing or liability against Citi or in favor of Plaintiff. By settling this lawsuit, Citi is not admitting any allegations of wrongdoing.

The Court has preliminarily approved a settlement of this Action and provisionally certified a Class (the "Settlement Class"). The Settlement Class is defined to include those current and former members of the Unites States Armed Forces with Eligible Loans as defined by the Settlement Agreement, who, between January 1, 2006 and June 30, 2012 had (i) a mortgage securing the loan on their property that originated before their military service; (ii) the foreclosure sale occurred during their period of active duty military service or within the applicable grace period, as defined and protected by the SCRA; and (iii) the sale occurred without prior court approval or a written waiver of the rights and protections provided by the SCRA, or without otherwise complying with Sections 533, 521 or any other mortgage foreclosure related provisions of the SCRA. Persons meeting this definition are referred to herein as "Class Members" or the "Settlement Class Members."

## II. BENEFITS UNDER THE PROPOSED SETTLEMENT

Subject to Court Approval, Plaintiff and Citi have agreed to the proposed Settlement described below. If you do not wish to be part of the Settlement, you must opt out.

**Payment to Settlement Class Members**: Under the terms of the proposed Settlement and the related DOJ Settlement, each member of the Settlement Class may be eligible to receive a monetary payment ("Settlement Benefit") in accordance with the terms of the DOJ Settlement. Your specific Settlement Benefit that you may be eligible to receive will be the monetary benefits to which you are determined eligible under the SCRA foreclosure relief provisions of the DOJ Settlement. The amount of your Settlement Benefit will be determined by the United States Department of Justice in accordance with the terms of the DOJ Settlement or as otherwise set forth in the Settlement Agreement and will be set

1

forth in a separate letter that Citi will send to you. The specific Settlement Benefit to which you may be entitled under the DOJ Settlement will be comprised of the following potential monetary benefits: (1) the amount of lost equity, if any, on the foreclosed property, including payment of interest on such lost equity, as determined in accordance with the DOJ Settlement; and/or (2) an additional monetary damages payment in the amount of approximately **one hundred and sixteen thousand and seven hundred and eighty-five dollars ($116,785.00), or possibly a higher amount,** as determined in accordance with the DOJ Settlement and the Settlement Agreement and less any applicable reductions, adjustments or deductions as provided for in the Settlement Agreement. The letter you receive from Citi will provide you with the specific dollar figure of the monetary Settlement Benefit which you may be eligible to receive under the DOJ Settlement. As explained in Section III below, the letter you receive from Citi pursuant to the DOJ Settlement may include a "release" that you must execute and return in order to receive any available Settlement Benefit. Any amounts previously paid to you or due to be paid to you under a related consent order with the Office of Comptroller of Currency (the "OCC Consent Order", as defined in the Settlement Agreement) or otherwise in accordance with the DOJ Settlement will constitute payment under this Settlement and will be credited against and reduce, disallow, or otherwise adjust the Settlement Benefit accordingly, as set forth in the Settlement Agreement. No double recoveries will be allowed.

**Attorney's Fees, Rodriguez Payment and Other Costs**: For their efforts in prosecuting this action on a contingency basis without any guarantee of success, Class Counsel will seek attorneys' fees and expenses, not to exceed three million, five hundred and twenty-five thousand dollars ($3,525,000.00), and a payment to Plaintiff not to exceed one hundred and sixty-six thousand and seven hundred and eighty-five dollars ($166,785.00), each of which Citi has agreed not to oppose. The amount of attorneys' fees and expenses that Class Counsel will receive and the payment that Rodriguez will receive will be determined by the Court and will not be deducted from the Settlement Benefit available to each Settlement Class Member. In addition, Citi has agreed to pay the costs of notice and settlement administration. These amounts also will be separately paid by Citi and will not be deducted from the Settlement Benefit available to each Settlement Class Member.

### III. RELEASE OF CLAIMS AND DISMISSAL OF ACTION

Unless you exclude yourself from the Settlement by affirmatively opting out of the Settlement in accordance with Section V ("Your Options") below, you will be part of the Settlement Class. By staying in the Settlement Class, all of the Court's orders will apply to you and you will give Defendant a "release". The letter you will subsequently receive from Citi may also include a "release" that you must execute and return in order to receive the Settlement Benefit (for which you may be eligible, subject to any applicable credits, reductions or other adjustments as provided in the Settlement Agreement). A release means you cannot sue or be part of any other future lawsuit or legal proceeding against Citi about the claims or issues asserted in the Action, including that arise out of or are related to: (i) the sale or foreclosure of your property without a prior court order or written waiver; (ii) any violation of Sections 521 or 533 of the SCRA, or of comparable state law provisions, with respect to your foreclosed property and loan; or (iii) any or all of the acts, omissions, facts, matters, transactions, occurrences, or claims that were alleged, asserted, described, set forth or referred to in the Action and/or any Complaint, motion, brief or order filed therein. The full details of this Release also are set forth in Paragraph L of the Settlement Agreement. Any co-borrowers on your mortgage loan similarly will be required to execute a release for you to be eligible to receive any available Settlement Benefit.

Subject to Court approval, the Action will be dismissed with prejudice and the Action shall be fully and finally settled as to Plaintiff and all members of the Settlement Class. As provided for in the Settlement Agreement, Settlement Class Members will be forever barred from seeking further relief on any of the claims released under the Settlement.

## IV. FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement. The hearing will take place on _____ at _____ a.m. before **United States District Judge Paul G. Gardephe at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 6B, New York, NY 10007-1312.** YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

## V. YOUR OPTIONS

1. **Receive The Monetary Benefit.** If you want to receive the Settlement Benefit for which you may be eligible pursuant to the Settlement, you must not opt- out of the class and you must sign and return any release that may accompany the letter you receive from Citi describing your specific Settlement Benefit. Within 21 days after receipt of your (and, if applicable, your co-borrower's) release in the form attached to the letter, Citi will mail you a check for the amount, if any, of your available Settlement Benefit (less any applicable credits, reductions or other adjustments as provided in the Settlement Agreement). Any person who properly excludes themselves (opts-out) from the Settlement in the manner provided in V.2 below will not be entitled to any benefits provided by this Settlement.

Please notify Citi of any change in your address by providing written notification of your new address to **[INSERT PO Box]** by no later than **[Insert date certain]**. In order to verify identity, please also provide a copy of your valid driver's license or state identification card.

2. **Opt-Out.** You have the right to exclude yourself ("Opt-Out") from both the Action and the Settlement by mailing a written and signed request for exclusion to the address listed below. **The signed request for exclusion or Opt-Out must be postmarked on or before _____, 2013**, and must include the full name, address and loan number(s) of the person(s) requesting exclusion and must be signed by all borrowers for the mortgage loan on the property that was sold by Citi at a completed foreclosure sale. You and any other co-borrower on that loan must sign the Opt-Out and unequivocally state your intent to be excluded from the Settlement by including the following statement: "I/we request to be excluded from the class settlement in <u>Rodriguez v. CitiMortgage, Inc.</u>, Case No. 11-CIV-4718 (S.D.N.Y.)." If you choose this option, you will be excluded from the Settlement Class and will not be bound by, or receive benefits under, the Settlement. Opting out of the Settlement does not preclude you from participating in and receiving the benefits provided for in the DOJ Settlement. **Opt-Out requests that do not comply with all these requirements or any other applicable requirement of the Settlement Agreement, that are sent to an address other than the address designated herein, or that are postmarked after _____ 2013, will not be valid and such Class Members will be bound by all of the terms of the Settlement, including the Release. To be timely, requests for exclusion must be postmarked and mailed to: [INSERT PO BOX], on or before _____, 2013.** Class Members who exclude themselves from the Settlement have no right to file or present an objection and will not be entitled to any benefits provided by this Settlement.

3. **Object.** If you object to the Settlement, have not opted out from the Settlement in accordance with its terms, and wish to submit an objection, you must submit such an objection in writing, stating the grounds and reasons therefore, and file it with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, Room 120, New York, NY 10007. **The objection must be RECEIVED by the Clerk of the Court on or before _____, 2013**. Your objection must refer

to the name and number of the case. You must also mail and serve copies of your objection by the same date on the following attorneys for the Class and for Citi: Class Counsel is Scott A. Bursor, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Counsel to Citi is Lucia Nale, Mayer Brown LLP., 71 South Wacker Drive, Chicago, IL 60606. To be considered valid, any objection must be filed and served by the deadline above, must include your full name, address, telephone number and loan number(s) of the person(s) requesting exclusion, and must be signed by all borrowers for each Mortgage Loan. You must state that you object to the Settlement and provide a statement of the legal and factual reasons why you object to the Settlement including why you believe that the Court should find that the proposed Settlement is not in the best interests of the Class. You must also provide copies of any documents that you wish to submit in support of your position. Please note that it is not sufficient to simply state that you object. You must state reasons why the Settlement should not be approved.

You do **NOT** need to appear at the fairness hearing in order to object. However, should you remain in the Class and wish to attend the hearing and object in person, you, or your designated counsel, must also file a notice of intention to appear with the Clerk of the District Court, and mail and serve the notice on Class Counsel and Counsel for Citi postmarked and mailed no later than _____, 2013. You may enter an appearance in this case through an attorney if you so desire.

Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action.

## VI. EXAMINATION OF PAPERS

**DO NOT CONTACT THE COURT, CITI, OR THE JUDGE REGARDING THIS NOTICE OR CASE.**

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the office of the Clerk of the United States District Court for the Southern District of New York, **500 Pearl Street, Room 120, New York, NY 10007**. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

Dated _____, 2013
Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK